## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE, LLC, )
)                    Case No. 2011-1009
Plaintiff/Appellee, )
)                    On appeal from the United States
v. )                 District Court for the Eastern District
)                    of Texas
NEWEGG INC., )       Civil Action No. 6:07-cv-00511-LED
)
Defendant/Appellant. )

FILED
U.S. COURT OF APPEALS FOR THE FEDERAL CIRCUIT
NOV 22 2010
JAN HORBALY
CLERK

## MOTION OF JONES DAY TO WITHDRAW
## AS COUNSEL FOR SOVERAIN SOFTWARE, LLC

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Jones Day

moves to withdraw as counsel for appellee Soverain Software, LLC ("Soverain")

in this matter. Soverain does not consent to Jones Day's withdrawal. As set forth

in the accompanying memorandum, the motion should be granted because

Soverain has failed to substantially fulfill its payment obligations to Jones Day,

despite repeated demands in which Jones Day has warned Soverain that

withdrawal would result. Moreover, the withdrawal will not have a material

adverse effect on Soverain's interests. Soverain's brief is not due until mid-

January at the earliest, and it already is represented by another national law firm in

patent litigation involving the same issues in the case giving rise to this appeal.

Thus, Soverain has sufficient time to retain counsel and can seek an extension if

necessary. Soverain will not be adversely affected by the withdrawal of Jones Day.

Jones Day's motion to withdraw should be granted.

Dated: November 19, 2010

Respectfully submitted,

Kenneth R. Adamo
Principal Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:   214-969-5100

Thomas L. Giannetti
Email: tlgiannetti@jonesday.com
JONES DAY
222 East 41st Street
New York, New York  10017-6702
Telephone:  212-326-3939
Facsimile:   212-755-7306

CLI-1853262v2

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| SOVERAIN SOFTWARE, LLC, | ) | Case No. 2011-1009 |
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | On appeal from the United States |
| v. | ) | District Court for the Eastern District |
| | ) | of Texas |
| NEWEGG INC., | ) | Civil Action No. 6:07-cv-00511-LED |
| | ) | |
| Defendant/Appellant. | ) | |

### MEMORANDUM IN SUPPORT OF MOTION OF JONES DAY
### TO WITHDRAW AS COUNSEL FOR SOVERAIN SOFTWARE, LLC

Jones Day's motion to withdraw as counsel to appellee Soverain Software, LLC ("Soverain") should be granted. Rule 1.15(b) of the Texas Disciplinary Rules for Professional Conduct, which governs this motion, provides that withdrawal is permitted if the client fails to substantially fulfill an obligation to the lawyer. The engagement letter between Soverain and Jones Day also expressly provides that Jones Day may terminate its representation if Soverain breaches its payment or other obligations to Jones Day.

Soverain has refused to fulfill its significant financial obligations to Jones Day despite repeated requests to do so. Jones Day has initiated the dispute resolution mechanism provided in the engagement letter, which has rendered its ongoing relationship with Soverain unreasonably difficult. Soverain's failure to fulfill its payment obligations merits withdrawal under Rule 1.15(b).

Moreover, withdrawal at this time will not cause a material adverse effect on Soverain's interests in this litigation. This appeal follows a verdict in Soverain's favor at trial in the United States District Court for the Eastern District of Texas. Soverain has another patent litigation, also pending in the Eastern District of Texas and involving the same issues, in which it is represented by another national law firm. Soverain's brief in this appeal is not due until mid-January at the earliest. Consequently, Soverain has adequate time to retain new appellate counsel, and can seek an extension to file its brief if necessary. Soverain will not be prejudiced by the withdrawal of Jones Day.

Argument

A.    The Standard for Withdrawal.

This motion relates to a procedural matter that is not unique to patent issues or otherwise related to the merits of the appeal. "As a matter of policy the Federal Circuit reviews procedural matters that are not unique to patent matters under the law of the particular regional circuit court where appeals from the district court would normally lie." *Atasi Corp. v. Seagate Technology*, 847 F.2d 826, 829 (Fed. Cir. 1988) (standard for attorney disqualification); *see also Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984) (standard for attorney disqualification).

This appeal stems from a case litigated before the United States District Court for the Eastern District of Texas. That court's local rules provide that the Texas Disciplinary Rules of Professional Conduct govern. *See* E.D. Tex. L.R. AT-2. The Texas rule is virtually identical to the ABA Model Rule on permissive withdrawal, Rule 1.16(b). As the United States Court of Appeals for the Fifth Circuit explained in a case involving attorney disqualification, while the Texas Disciplinary Rules are not the "sole authority", because the ABA Model Rule does not "differ materially from the corresponding Texas Rule[], . . . [the court's] discussion will therefore center on the Texas Rules." *In re American Airlines, Inc.*, 972 F.2d 605, 610 (5th Cir. 1992). *See also Top Sales, Inc. v. Designer Vans, Inc.*, No. Civ. A 3:96-CV-0721, 1997 WL 786254, at *1 (N.D. Tex. Dec. 11, 1997) (citing *In re American Airlines* and applying Texas Rule 1.15(b) on motion to withdraw).

Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct provides specific situations in which a lawyer has good cause to voluntarily withdraw from representation. *See* Tex. Disciplinary Rules of Prof'l Conduct 1.15(b). Rule 1.15(b) provides that an attorney may withdraw if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> * * *
>
> (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services, including an obligation

to pay the lawyer's fee as agreed, and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(7) other good cause for withdrawal exists.

Tex. Disciplinary Rules of Prof'l Conduct 1.15(b).

The subsections of Rule 1.15(b) are stated in the disjunctive. Thus, "withdrawal is permitted under subsection (b)(2) through (b)(7) 'even though the withdrawal may have a material adverse effect upon the interests of the client.'" *In re Daniels*, 138 S.W.3d 31, 35 (Tex. Ct. App. 2004) (quoting Tex. Disciplinary Rules of Prof'l Conduct 1.15, cmt. 8).

Jones Day should be permitted to withdraw because Soverain has failed to substantially fulfill its obligation to pay its legal fees. Moreover, withdrawal will not have a material adverse effect on Soverain.

B.    Soverain Has Failed To Fulfill Its Obligations To Jones Day.

While Soverain and Jones Day disagree on the precise amount presently owed, there is no dispute that Soverain has failed to fulfill its obligations to pay Jones Day for its legal services. The engagement letter provides that certain deferred legal fees presently are owed to Jones Day. In August, Jones Day met with Soverain and advised it that if the deferred fees were not paid, Jones Day would have to withdraw. Jones Day has had multiple subsequent phone

- 4 -

discussions and face to face meetings with Soverain regarding the non-payment of fees, yet Soverain refuses to pay Jones Day according to the terms of the engagement letter. Jones Day has provided Soverain with repeated notice that its failure to pay deferred fees will cause Jones Day to withdraw.

By failing to pay Jones Day the deferred legal fees, Soverain has failed substantially to fulfill its obligations to Jones Day, entitling Jones Day to withdraw pursuant to Rule 1.15(b)(5). *See Top Sales, Inc. v. Designer Vans, Inc.*, 1997 WL 786254, at *1 (withdrawal granted for nonpayment of fees); *In re Daniels*, 138 S.W.3d at 33 (same). "A lawyer may withdraw if the client refuses, after being duly warned, to abide by the terms of an agreement relating to the representation, such as an agreement concerning fees or court costs or an agreement limiting the objectives of the representation." Tex. Disciplinary Rules of Prof'l Conduct 1.15, cmt. 7.

Moreover, the terms of Soverain's engagement letter with Jones Day specify that Jones Day may terminate its representation if Soverain breaches its terms. The engagement letter also provides for a dispute resolution process to resolve fee disputes through mediation. Jones Day has invoked this process and provided a list of mediators to Soverain. Pursuant to both Rule 1.15(b)(5) of the Texas Rules of Professional Conduct and the terms of the parties' engagement letter, Jones Day

- 5 -

should be permitted to withdraw due to Soverain's failure to pay Jones Day's legal fees.

In addition, Rule 1.15(b)(6) also applies. Jones Day has performed a significant amount of work for which it has not been paid. Soverain wants Jones Day to continue to work without pay, with the unspecific promise of payment at some point in the future. Forcing Jones Day to do so would result in an unreasonable financial burden. In addition, the relationship with Soverain has deteriorated such that the representation has been "rendered unreasonably difficult" by Soverain. For all of these reasons, Jones Day's motion to withdraw should be granted.

C.    Withdrawal Will Not Have A Material Adverse Effect
       On Soverain's Interests.

Jones Day also is entitled to withdraw pursuant to Rule 1.15(b)(1) because it will not have a material adverse effect on Soverain's interests. Soverain already has another national law firm representing it in another action pending before Judge Davis in the Eastern District of Texas that involves the same patents and claims at issue in this case. Soverain's brief is not due until mid-January at the earliest. Soverain has ample time to retain replacement counsel for purposes of the appeal, and can request an extension to file its brief if necessary. Soverain may choose its existing counsel to replace Jones Day due to its familiarity with the

- 6 -

subject matter, or it may choose another. Soverain will not be adversely impacted by Jones Day's withdrawal.

Conclusion

For the foregoing reasons, Jones Day's motion to withdraw should be granted.

Dated: November 19, 2010

Respectfully submitted,

Kenneth R. Adamo
Principal Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
Email: tlgiannetti@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

CLI-1853262v2

## Certificate of Service

This is to certify that on November 19, 2010, a copy of the foregoing was

sent via overnight mail to the following:

Katharine A. Wolanyk, Esq.
Soverain Software LLC
233 S. Wacker Drive, Suite 9425
Chicago, Illinois  60606

Counsel for Plaintiff-Appellee Soverain Software, LLC

Kent E. Baldauf, Jr., Esq.
David C. Hanson, Esq.
Daniel Harris Brean, Esq.
The Webb Law Firm
700 Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania  15219

    and

Claudia W. Frost, Esq.
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin Street, Suite 2000
Houston, Texas  77010

Counsel for Defendant-Appellant Newegg Inc.

Kenneth R. Adamo

CLI-1853262v2

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114.1190
TELEPHONE: 216.586.3939 • FACSIMILE: 216.579.0212

Direct Number: (216) 586-7120
kradamo@jonesday.com

JP850181:js
079978-083-077

November 19, 2010

<u>VIA UPS</u>

Mr. Jan Horbaly
Clerk of Court
U.S. Court of Appeals for the
  Federal Circuit
717 Madison Place, N.W.
Room 401
Washington, D.C. 20439

Re:    *Soverain Software, LLC v. Newegg Inc.*  Case No. 2010-1009

Dear Mr. Horbaly:

Enclosed please find the original and three copies of the Motion of Jones Day to Withdraw as Counsel for Plaintiff-Appellee Soverain Software, LLC, to be filed in the above-captioned case. I also have enclosed two additional copies, and I would appreciate if you would return time-stamped copies to me in the enclosed envelope.

Please contact me if you have any questions.

Very truly yours,

Kenneth R. Adamo

Enclosure

cc:    Katharine A. Wolanyk, Esq.
       Kent E. Baldauf, Jr., Esq.
       David C. Hanson, Esq.
       Daniel Harris Brean, Esq.
       Caludia W. Frost, Esq.

CLI-1853938v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON