## *NONCONFIDENTIAL*

### UNITED STATES DISTRICT COURT OF APPEALS
### FOR THE FEDERAL CIRCUIT

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

NOV 29 2010

JAN HORBALY
CLERK

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, § § Plaintiff, § § v. § NEWEGG INC., § Defendant. § | On Appeal from the United States District Court for the Eastern District of Texas<br><br>Civil Action No. 6:07-cv-511-LED |

### NEWEGG'S OPPOSITION TO JONES DAY'S MOTION
### TO WITHDRAW AS COUNSEL FOR SOVERAIN SOFTWARE, LLC

This Opposition includes certain confidential material, as indicated and omitted below, that is subject to a protective order. The confidential material generally relates to the fee arrangements, work performed by, and amounts paid to Jones Day in the course of its representation of Soverain Software, LLC ("Soverain").

Newegg opposes Jones Day's motion to withdraw as long as there is any risk that such withdrawal will delay resolution of the pending appeal. Such delay would severely prejudice Newegg without legitimate justification. During any delay, Newegg must continue to carry on its books the $2.5 million judgment, the piling up of ongoing royalties, and operate with an unwarranted cloud over its

head. Newegg swiftly filed its appeal specifically to seek the prompt relief to which it is entitled. Yet, Jones Day appears to have delayed bringing this motion, creating a very real risk of prejudice to Newegg if the motion is granted. Newegg filed its notice of appeal ten weeks before Jones Day filed its motion. Jones Day contends that problems with payments have been long-standing. Yet, Jones Day offers no explanation for why it waited so long to seek to withdraw.

Nor is the motion properly supported. Jones Day has failed to submit any evidence to support its bald assertion that Soverain "has failed to substantially fulfill its payment obligations." Indeed, Jones Day does not include a single declaration or exhibit in support of its request. Rather, the motion is improperly founded solely upon counsel's unsubstantiated generalizations. Given that it threatens to cause actual and substantial harm to Newegg, the motion should be denied as explained further below. If the Court were to grant Jones Day's motion, it should do so on the condition that there is no resulting extension of the briefing schedule or oral argument of the appeal.

## I. ANY DELAY RESULTING FROM JONES DAY'S WITHDRAWAL WOULD PREJUDICE NEWEGG

Even in the absence of the evidentiary issues addressed in the subsequent section, Jones Day's motion should be denied because of the delay and prejudice that Newegg would suffer. Here, Jones Day's sole basis for seeking to withdraw is Soverain's alleged failure to pay certain fees owed. "A number of courts have held

that nonpayment of fees alone is insufficient cause for the withdrawal." *Rophaiel v. Alken Murray Corp.*, 1996 U.S. Dist. Lexis 7796, at, *3 (S.D.N.Y. June 6, 1996). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Leatt Corp. v. Innovative Safety Tech., LLC,* 2010 U.S. Dist. LEXIS 8492, at *3-4 (S.D. Cal. Feb. 2, 2010). These factors weigh heavily in favor of denying Jones Day's motion.

### A.  Permitting Jones Day to Withdraw Threatens Unjustified Delay

Soverain's opposition brief in the pending appeal is presently due on January 16, 2011, a deadline that is very fast approaching, especially considering the upcoming holiday season. This highly complex patent litigation - initiated by Jones Day's client with no notice or effort to negotiate a commercial license with Newegg - has been pending for over three years and involved well over 400 docket entries. Through first-hand experience, Jones Day has familiarity with the plethora of facts and legal issues of the case. A change of counsel at this late date threatens delay. *See Goldstein v. Albert*, 277 B.R. 38, 50 (Bankr. S.D.N.Y. 2002) ("I am further influenced by the litigation delay that would occur if the firm were permitted to withdraw at this time . . . . Due to the complexity of the motions to

THIS PAGE CONTAINS MATERIAL THAT IS CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER, AND IS THEREFORE OMITTED

date, and those that the Court is advised are to come, withdrawal at this time would cause undue and prejudicial delay."). Indeed, Jones Day itself previously argued that it was essentially irreplaceable. It claimed that if it no longer represented Soverain, its client would suffer "overwhelming prejudice." Dkt. No. 327, at p. 2. It asserted that "the harm that would result to Soverain . . . [would be] both undeniable and catastrophic." *Id.* at pp. 9-10. Jones Day has touted that it has: (a) "represented Soverain on the patents at issue here for over six years in three separate suits;" (b) "become very familiar with Soverain's patented technology and the business of Soverain:" and (c) as of earlier this year, "billed over [    ] hours" representing Soverain in this case.

### B. Permitting Jones Day to Withdraw Would Prejudice Newegg

Newegg would be greatly prejudiced by any significant delay in this case's resolution. Newegg currently has hanging over its head: (1) a $2.5 million judgment; (2) substantial ongoing royalties; (3) additional costs awarded; and (4) the potential for a new trial. These are significant factors for Newegg to consider in its operational and financial planning. Newegg, its officers, and investors are entitled to promptly resolve those factors in accordance with the Federal Circuit's current schedule. Delay will impact Newegg's ability to make critical business

decisions like adding jobs, investments to grow its business, or to innovate its technology.

### C. Permitting Jones Day to Withdraw Will Harm the Administration of Justice

Swift resolution of Newegg's appeal and this case in general will promote efficiency and justice with respect to the pending litigation between Soverain and its new defendants in *Soverain Software, LLC v. J.C. Penny Corporation, Inc., et al.*, Case No. 6:09-cv-00274-LED. Any Federal Circuit decision with regard to Newegg's issues raised on appeal will very likely narrow the scope of the litigation between Soverain and these new defendants, promoting judicial economy.

## II. EVEN THOUGH DELAY WOULD PREJUDICE NEWEGG, JONES DAY HAS WHOLLY FAILED TO MEET ITS BURDEN TO SUPPORT ITS MOTION

Jones Day's motion is entirely based on unsupported attorney argument. Jones Day has failed to provide the Court with any *evidence* to demonstrate: (a) what and how much Soverain's allegedly deficient payment obligations are; (b) that Soverain has in fact failed (and refused) to fulfill its payment obligations; and (c) that Jones Day has in fact repeatedly warned Soverain that failure to pay would result in withdrawal. At a minimum, to justify the potential for delay and material prejudice, Jones Day should have substantiated its motion with a copy of the original engagement letter, the allegedly unpaid invoices, and related correspondence demonstrating Soverain's unexcused failure and refusal to pay. Of

course, as the moving party, Jones Day must support its allegations of substantial non-payment with sufficient evidence and particularity to justify withdraw of counsel. *See Whiting v. Lacara,* 187 F.3d 317, 321 (2d Cir. 1999) ("Although Lacara has alleged a nonpayment of certain disputed fees, he has not done so with sufficient particularity to satisfy us that withdrawal was justified on the eve of trial.").

Without evidence as to the terms of Jones Day's agreement with Soverain, the amount in dispute, and the reasons for the dispute, this Court cannot meaningfully determine whether the facts show a genuine instance of Soverain failing to "substantially fulfill . . . an obligation to pay" Jones Day. *See* Tex. Disciplinary Rules of Prof. Conduct 1.15(b). Indeed, if even "Soverain and Jones Day disagree on the precise amount presently owed," the Court cannot simply take Jones Day's word that Soverain has failed to substantially fulfill its payment obligations. *See* Jones Day's Motion, at 3.

In addition to lacking evidentiary support, Jones Day's allegation that continued representation poses an unreasonable financial burden is without merit. With gross revenues reportedly exceeding one and a half billion dollars, Jones Day is one of the top ten highest grossing and most profitable law firms in the world. According to the *American Lawyer*, in 2009, Jones Day was the fourth highest grossing U.S. law firm and the world's eighth highest grossing firm. *See* The Am

> THIS PAGE CONTAINS MATERIAL THAT IS CONFIDENTIAL AND SUBJECT TO A PROTECTIVE ORDER, AND IS THEREFORE OMITTED

Law 100 2010, available at www.law.com/jsp/tal/PubArticleTAL.jsp?id=1202448484841 and www.law.com/jsp/tal/PubArticleTAL.jsp?id=1202472338838. In representing Soverain, Jones Day was paid [

].

*See* Deposition of Katherine Wolanyk at 146-49. Between the prior litigation in 2005 against Amazon and The Gap, and the present litigation between Newegg et al., Soverain has obtained settlement amounts in excess of [        ] ([

]), of which the Jones Day firm apparently collected [           ]. *Id.* at 114-17, 146-49; *see also Id.* at 30 (noting that [

]). In 2008 alone, before the present litigation against Newegg had even begun to intensify, Soverain had paid legal expenses of well over [        ]. *See* Soverain's Consolidated Profit and Loss Statement for 2003 to 2008; Deposition of Katherine Wolanyk at 114-17.

Jones Day's lack of financial hardship is critical. The cases upon which Jones Day relies permitted withdrawal only because the client's non-payment was coupled with other aggravating factors; for example, financial hardship on the law firm or the *inability* of the client to pay or otherwise proceed in the case. In *In re*

*Daniels*, the law firm seeking to withdraw as counsel demonstrated not only that the client had failed to pay fees, but also that "continued representation would result in an unreasonable financial burden on [the law firm]," and that the client's and client's mother's hostility and non-responsiveness "have rendered continued representation difficult." 138 S.W. 3d 31, 35 (Tex. Ct. App. 2004). Similarly, in *Top Sales, Inc. v. Designer Vans, Inc.*, the client not only failed to pay the law firm a certain agreed upon retainer, but also "advised [the firm] that it is no longer doing business, has no assets, and has no means of paying attorney's fees, continuing the defense of this suit, or prosecuting its counterclaims." 1997 WL 786254, at *1 (N. D. Tex., Dec. 11, 1997). Jones Day has not presented any similar facts. It has not shown, for example, that continued representation of Soverain has been rendered difficult or unreasonable due to a breakdown of communication or the attorney-client relationship, or due to financial hardship on the Jones Day firm.

Having failed to provide any evidence supporting its professed reason for seeking to withdraw, Jones Day's motion must be denied.

## III. CONCLUSION

For the foregoing reasons, Jones Day's motion to withdraw as counsel for Soverain risks delay in resolution of the appeal and threatens to materially and tangibly prejudice Newegg. This is indeed a situation where the aphorism "justice

delayed, is justice denied" is particularly applicable and represents more than words. Jones Day's motion thus should be denied. However, insofar as the Court considers granting the motion, it should do so on the condition that there will be no extension of the appeal briefing or oral argument schedule.

Dated: November 24, 2010

Respectfully submitted,

By: /s/

Kent E. Baldauf, Jr.
David C. Hanson
Daniel H. Brean

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T: (412) 471-8815
F: (412) 471-4094

Claudia W. Frost
Pillsbury Winthrop
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010
Telephone: (713) 276-7648

Counsel for Newegg Inc.

## **CERTIFICATE OF SERVICE**

This is to certify that on November 24, 2010, copies of the foregoing Opposition to Jones Day's Motion to Withdraw as Counsel for Soverain Software, LLC were served via overnight mail upon the following:

>Kenneth R. Adamo
>Jones Day
>North Point
>901 Lakeside Avenue
>Cleveland, Ohio 44114-1190
>kradamo@jonesday.com
>
>Thomas L. Giannetti, Esq.
>Jones Day
>222 East 41st Street
>New York, NY 10017-6702
>tlgiannetti@jonesday.com

_____
Kent E. Baldauf, Jr.
Attorney for Newegg Inc.



THE WEBB LAW FIRM
Patent | Trademark | Copyright Law

700 Koppers Building    412.471.8815
436 Seventh Avenue    412.471.4094
Pittsburgh, PA 15219    webblaw@webblaw.com

KENT E. BALDAUF, JR.
Attorney at Law

November 24, 2010

**VIA FEDERAL EXPRESS** *(Tracking No. 7941-5163-6997)*

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington D.C. 20439

       Re:      <u>Soverain Software, LLC v. Newegg Inc., No. 2011-1009</u>

Dear Mr. Horbaly:

       Enclosed please find the following documents for filing in the above-referenced matter:

       (1)     One original and three copies of Defendant-Appellant Newegg's Opposition to Jones Day's Motion to Withdraw as Counsel Soverain Software, LLC (Confidential Version); and

       (2)     One original and three copies of Defendant-Appellant Newegg's and an original and three copies of Defendant-Appellant Newegg's Opposition to Jones Day's Motion to Withdraw as Counsel Soverain Software, LLC (Nonconfidential Version).

       Also enclosed is one additional copy of each of the foregoing documents, which we respectfully request be time-stamped and returned to us in the enclosed pre-paid envelope.

       Please contact me if you have any questions.

                                       Very truly yours,

                                       Kent E. Baldauf, Jr.

KEB, Jr.:DHB/mlv
Enclosures
cc:     Thomas L. Giannetti, Esq.
        Kenneth R. Adamo, Esq.
        Claudia W. Frost, Esq.

2AB5042.DOC