# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| SOVERAIN SOFTWARE, LLC, ) | |
| ) | Case No. 2011-1009 |
| Plaintiff/Appellee, ) | |
| ) | On appeal from the United States |
| v. ) | District Court for the Eastern District |
| ) | of Texas |
| NEWEGG INC., ) | Civil Action No. 6:07-cv-00511-LED |
| ) | |
| Defendant/Appellant. ) | |

**FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC - 6 2010

JAN HORBALY
CLERK**

## REPLY MEMORANDUM IN SUPPORT OF MOTION OF JONES DAY TO WITHDRAW AS COUNSEL FOR SOVERAIN SOFTWARE, LLC

Jones Day's motion to withdraw should be granted. The opposition filed by defendant Newegg Inc. is based upon a series of plainly incorrect assumptions. Newegg apparently assumes that this appeal stems from a case pending in New York or California and not in Texas. Newegg's brief cites authority from courts in those states and does not cite the applicable Texas Disciplinary Rule, nor does it even cite the related ABA Model Rule. Newegg also simply assumes it has standing to oppose Jones Day's motion. The Texas and ABA rules, however, consider prejudice to the client. That is Soverain, and not Newegg.

Newegg's opposition concedes that it simply assumes there will be a delay that will cause it prejudice. There is no evidence that there will be any delay and, if there is, that it will result in any prejudice to Newegg. As explained in Jones Day's motion, and ignored by Newegg, Soverain already is represented by another

CLI-1857038v1

national law firm in litigation involving the same patents at issue in this case. Newegg finally assumes that Jones Day will not be prejudiced if its motion is denied. The reasons cited by Newegg have no legal merit. For all of these reasons, Newegg's arguments fail. Jones Day's motion to withdraw should be granted.

1. Newegg relies on inapposite authority, which actually supports granting Jones Day's Motion.

Newegg relies upon four cases, which are from New York and California. (Opp. at 2-3, 5.) As explained in Jones Day's motion, this Court is to apply the law of the district court from which this appeal stems. (Motion at 3.) Newegg does not contest this legal standard, or that the Eastern District of Texas would rely upon the Texas Disciplinary Rules of Professional Conduct. Instead, Newegg cites cases that are not based upon Texas Disciplinary Rule 1.15(b) or even ABA Model Rule 1.16(b), which is substantially similar to the Texas Rule. Rather, Newegg's cases and the law they cite are based upon local rules of court that differ from the applicable Texas rule, or are based upon disciplinary rules in New York and California. Newegg's authority is inapposite.

To the extent the Court considers the cases that Newegg cites, they actually support granting Jones Day's motion. In *Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (Opp. at 5), the Court of Appeals for the Second Circuit reversed the trial court's denial of the motion to withdraw. *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG (POR), 2010 WL 444708 (S.D. Cal. Feb. 2,

2010) (Opp. at 3), was decided under the California district court's local rule and the California Rules of Professional Conduct. The court also granted the motion to withdraw, holding that the client's refusal to pay attorneys' fees constituted good cause. *Id.* at *2.

The court in *Rophaiel v. Alken Murray Corp.*, No. 94 CIV. 9064 (CSH), 1996 WL 306457, at *1 (S.D.N.Y. June 7, 1996) (Opp. at 2), similarly held under the applicable New York law that deliberate refusal to pay attorneys' fees is sufficient grounds to permit withdrawal. Withdrawal was not permitted because the court held that the lawyer had not shown that the client was unwilling or unable to pay. *In re Albert*, 277 B.R. 38, 43, 48 (Bankr. S.D.N.Y. 2002) (Opp. at 3), is distinguishable for much the same reason that the client did not deliberately refuse to pay, but expressed his intent to pay. In this case, however, Soverain has repeatedly refused to pay Jones Day.

Newegg steadfastly ignores Texas Rule 1.15(b) because the rule does not provide it with standing to oppose Jones Day's motion. Rule 1.15(b)(1) only considers whether withdrawal will have a "materially adverse effect on the interests of the client." Soverain is Jones Day's client. Rule 1.15(b) expresses no concern with the interests of the opposing party, such as Newegg, nor does any other subsection of Rule 1.15(b). Newegg's purported authority expressing

CLI-1857038v1

concern for other litigants or delay in resolving the case comes from courts outside of Texas. Consideration of those factors in this Court is secondary at best.

2. Newegg is wrong to claim that there will be <u>any prejudicial delay in proceedings in this Court.</u>

Newegg claims that it will be prejudiced if Jones Day withdraws because there will be an "unjustified delay." (Opp. at 3.) Newegg's reliance on the past involvement of Jones Day and the appellate briefing deadlines is misplaced. Notably, Newegg ignores that Soverain already is represented by another national law firm in litigation that is substantially identical to the current case. It involves the same patents and issues. Moreover, Newegg ignores that the issues to be decided upon this appeal have been the subject of significant briefing already. Jones Day's past involvement does not mean that it is the only firm that can litigate this appeal.

Newegg also fails to support its argument that it will be prejudiced. Despite the items that Newegg lists as "hanging over its head" (Opp. at 4), Newegg does not identify how any of these items will be more significant, and thus how it will suffer any prejudice, if Soverain's new counsel is granted an extension to the briefing schedule. It should be noted that Soverain has not yet made such a request. If Newegg truly is concerned with certainty in "its critical business decisions" (*id.*), it can end the delay created by its appeal and have all outstanding issues resolved by the district court.

CLI-1857038v1

Newegg's reliance on Soverain's opposition to Newegg's failed motion in the district court to exclude Jones Day (ECF No. 327) is meritless. (Opp. at 3-4.) Newegg claimed a conflict based upon Jones Day's hiring of a partner in California from another firm. In opposing that motion, Soverain rightly argued that disqualifying Jones Day on the eve of trial would cause prejudice. That trial is over and is the subject of this appeal. Newegg's arguments based upon its motion to disqualify are irrelevant. That motion is useful only because it demonstrates that Newegg correctly relied on the Texas disciplinary rules and the ABA Model Rules. ECF No. 324 at 5-11. The same apply equally to this motion, notwithstanding Newegg's exclusive reliance on irrelevant California and New York law.

3.    <u>Jones Day will be prejudiced absent withdrawal</u>.

Unlike Newegg, Jones Day will be prejudiced if its motion is not granted. Newegg complains about the adequacy of Jones Day's motion, citing only to New York authority in which litigants failed to provide evidence specifically requested by those courts. If the Court requires additional evidence, it will be provided.

Newegg claims without any support that Jones Day delayed in moving to withdraw. (Opp. at 1-2.) There was no such delay. Rather, Jones Day rightly attempted to resolve its issues with Soverain, and only when Soverain refused to fulfill its obligations did Jones Day move to withdraw.

Newegg's arguments about the lack of prejudice to Jones Day also are invalid. The funds previously paid to Jones Day (Opp. at 7) are irrelevant to whether Soverain has wrongfully refused to pay Jones Day a significant amount of money. Also irrelevant are the gross fees Jones Day supposedly earned as a firm in 2009. (*Id.* at 6.) The only issue under Texas Rule 1.15(b)(5) is that Soverain has failed to fulfill its obligations to Jones Day. The rule does not provide that large law firms are required to work for free, but small law firms are not.

Newegg also is wrong that the Texas cases cited by Jones Day permitted withdrawal only if nonpayment of fees is "coupled with other aggravating factors." (Opp. at 7-8.) Texas Rule 1.15(b)(5) is clear that a client's failure to fulfill its obligations is a ground for withdrawal. In *Top Sales, Inc. v. Designer Vans, Inc.*, No. Civ. A. 3:96-CV-0721, 1997 WL 786254, at *1 (N.D Tex. Dec. 11, 1997), the Court's holding was explicit: "Because DVI did not substantially fulfill its obligation to pay Hill's fee as agreed, and has been given reasonable warning that Hill will withdraw unless the obligation is fulfilled, the court holds that Hill's motion should be granted." No "aggravating factor" was required.

Nor does the court's reference to additional grounds for withdrawal in *Daniels* establish that multiple grounds are needed. Rule 1.15(b) is worded in the disjunctive; withdrawal is permitted if one is met. 138 S.W.3d 31, 35 (Tex. Ct. App. 2004). In this case, Jones Day should be permitted to withdraw both because

CLI-1857038v1

its withdrawal will not have a material adverse effect on Soverain's interests, and because Soverain has breached its obligations to Jones Day.

## Conclusion

For the foregoing reasons, Jones Day's motion to withdraw should be granted.

Dated: December 6, 2010

Respectfully submitted,

*/s/ Kenneth R. Adamo*

Kenneth R. Adamo
Principal Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Thomas L. Giannetti
Email: tlgiannetti@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017-6702
Telephone: 212-326-3939
Facsimile: 212-755-7306

## Certificate of Service

This is to certify that on December 6, 2010, a copy of the foregoing was sent via overnight mail to the following:

Katharine A. Wolanyk, Esq.
Soverain Software LLC
Willis Tower
233 South Wacker Drive, Suite 9425
Chicago, Illinois 60606

Counsel for Plaintiff-Appellee
Soverain Software, LLC

Paul J. Ripp, Esq.
Williams Montgomery & John Ltd.
Willis Tower
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606

Counsel for Plaintiff-Appellee
Soverain Software, LLC

Kent E. Baldauf, Jr., Esq.
David C. Hanson, Esq.
Daniel Harris Brean, Esq.
The Webb Law Firm
700 Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219

Counsel for Defendant-Appellant
Newegg Inc.

Claudia W. Frost, Esq.
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin Street, Suite 2000
Houston, Texas 77010

Counsel for Defendant-Appellant
Newegg Inc.

*Erika Valenti*