## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

RECEIVED

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, )<br><br>Plaintiff/Appellee, )<br><br>v. )<br><br>NEWEGG INC., )<br><br>Defendant/Appellant. ) | Case No. 2011-1009<br><br>On appeal from the<br>United States District Court<br>for the Eastern District of Texas<br>Civil Action No. 6:07-cv-00511<br>Judge Leonard Davis |

United States Court of Appeals
For The Federal Circuit

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

DEC 10 2010

### Opposition of Soverain Software LLC
### To Jones Day's Motion To Withdraw As Its Counsel
### And Motion For Extension Of Time; Alternatively A Stay Of The Appeal

IAN HORBALY
CLERK

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Soverain

Software LLC ("Soverain") hereby responds to Jones Day's Motion to Withdraw

As Counsel For Soverain Software LLC ("Motion to Withdraw").[1] The sole basis

for Jones Day's Motion to Withdraw is that Soverain allegedly breached their

October 30, 2007 fee engagement letter ("Engagement Letter") by failing to pay

certain deferred attorney's fees at this time. Soverain denies that any amounts are

presently due to Jones Day or that it has breached the Engagement Letter. This

disagreement is subject to a dispute resolution process that is ongoing.

---

[1] Fed. R. App. Prac. 27(a)(2)(c) specifically prohibits the filing of separate memorandums in support of a motion ("A separate brief supporting or responding to a motion must not be filed."). Therefore, the arguments contained in Jones Day's Memorandum In Support Of Motion Of Jones Day To Withdraw As Counsel For Soverain Software, LLC should be disregarded and the memorandum stricken.

Jones Day's Motion to Withdraw should be denied because to lose their litigation counsel at this stage of the proceedings will have a material adverse effect on Soverain and no good cause exists to grant the motion. No evidence exists that Soverain has failed to substantially fulfill its fee obligations to Jones Day, and denying the Motion to Withdraw will not unreasonably burden one of the world's most profitable law firms that has already been paid millions of dollars in this case.

If the Motion to Withdraw is denied, Soverain expects that Jones Day will handle the appeal in a competent and professional manner. Soverain, however, will need an extension of time to file its responsive brief because Jones Day ceased working on the appeal while its Motion to Withdraw is pending.

Alternatively, since the dispute between Jones Day and Soverain is governed by their Engagement Letter which requires any disagreement to be resolved by dispute resolution -- mediation followed by arbitration, if necessary -- the appeal should be stayed pending resolution of the dispute over whether there has been a breach of the Engagement Letter. Therefore, Soverain moves for an Order staying briefing of the appeal until the agreed-upon dispute resolution process in the Engagement Letter has been conducted.

## ARGUMENT

As this appeal stems from a case litigated in the United States District Court for the Eastern District of Texas, the laws of that circuit will govern issues that are not "intimately involved in the substance of enforcement of the patent right." *See Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343, (2002) (citation omitted).

### I. Jones Day's Motion To Withdraw From the Appeal Should Be Denied And A Briefing Extension Granted.

"Attorneys normally are expected to work through the completion of a case." *Federal Trade Commission v. Intellipay, Inc.*, 828 F.Supp. 33 (S.D. Tex. 1993) (citing *In the Matter of Wynn*, 889 F.2d 644, 646 (5th Cir.1989), *Streetman v. Lynaugh*, 674 F.Supp. 229, 234 (E.D. Tex. 1987)). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *White v. BAC Home Loans Servicing, LP*, No. 3:09-CV-2484-G, 2010 WL 2473833 at *1 (N.D. Tex. June 15, 2010) (quoting *Wynn*, 889 F.2d at 646 (5th Cir. 1989)). The withdrawing attorney bears the burden of proving with particularity the existence of good cause for withdrawal. *See Intellipay*, 828 F. Supp. at 34 ("unsubstantiated claims are insufficient"). An attorney seeking to withdraw must establish "that a valid and compelling reason exists for the court to grant the motion over an objection." *White*, 2010 WL 2473833 at *1 (quoting *Stafford v. Mesnick*, 63 F.3d 1445, 1448 (7th Cir.1995)).

"A number of courts have held that nonpayment of fees alone is insufficient cause for the withdrawal of counsel." *In re Meyers*, 120 B.R. 751, 752 (Bankr. S.D.N.Y. 1990) (citing cases). "[A]n attorney who has once agreed to represent a client should not be permitted to abandon his responsibilities merely because he is unhappy with the nature of the relationship with the client." *Streetman*, 674 F.Supp. at 235 (E.D. Tex. 1987). Jones Day's claim that Soverain breached the Engagement Letter is unsubstantiated and Jones Day has not demonstrated good cause to withdraw. Therefore, the Motion to Withdraw should be denied.

### A. Permitting Jones Day To Withdraw Will Have A Material Adverse Effect On Soverain.

Jones Day claims its Motion to Withdraw is proper under Rule 1.15(b) of the Texas Disciplinary Rules of Professional Conduct. (Jones Day's Motion "JD Mot.", at 3-4.) While ethics codes may provide guidelines for ruling on a motion to withdraw "[w]hether good cause exists for an attorney to withdraw is a question of federal law." *White*, 2010 WL 2473833 at *2; *see also id.* at *3 (even if withdrawal comports with Texas ethics rules, "the court [must] consider certain additional factors before allowing an attorney to withdraw" including "the time it would take - and the financial burden it would impose on - the client to find new counsel").

Jones Day has failed to establish good cause even under Rule 1.15(b). The only reason Jones Day cites for withdrawing is the unsupported allegation that

Soverain breached the Engagement Letter by failing to pay certain deferred attorneys fees at this time. Jones Day served their Motion to Withdraw 18 days before Newegg Inc.'s ("Newegg") appellate brief was due and with full knowledge that any claims of breach are subject to dispute resolution. Soverain denies any breach of the Engagement Letter. The parties agree that the dispute resolution process is the proper forum to resolve any claims of breach of the Engagement Letter. Therefore, no good cause exists to grant Jones Day's Motion to Withdraw before the dispute resolution is complete. If Jones Day is allowed to withdraw from representing Soverain on the appeal prior to a determination of breach, Soverain will be unduly prejudiced.

Jones Day has represented Soverain in its patent matters for over seven (7) years and has been lead counsel in this case since its inception in 2007. In this matter, Jones Day spent over 25,000 hours delving into Soverain's patents and Newegg's technology in order to successfully try this complex matter. In exchange, Jones Day was paid millions of dollars and contends it is owed millions more in deferred fees even though the litigation with Newegg is unresolved.

Jones Day asserts that their withdrawal will not materially harm Soverain under Rule 1.15(b)(1) because another national law firm represents its interests in a patent litigation matter pending in the Eastern District of Texas. (JD Mot., at 6.) On the contrary, Jones Day's withdrawal will have a material adverse effect on

Soverain. The other patent litigation matter involves defendants using different technologies and Soverain's counsel in that matter is engaged in preparing for a trial set for May, 2011. Further, due to the Protective Order in this case, no new counsel could represent Soverain's interests on this appeal as timely and cost effectively as Jones Day at this late date, especially while preparing for trial in another large complex patent litigation matter.[2]

The Newegg patent litigation is complex, the procedural history is long, and the record is voluminous. Many materials are under seal and subject to confidentiality restraints. As counsel to Soverain for the past seven (7) years, Jones Day best knows Soverain's business and the patented technology at issue in the case against Newegg. Jones Day also intimately knows Newegg's technology. Finally, Jones Day knows the record, the facts, and the trial proceedings, as no new counsel could realistically hope to even with many months of review.

Earlier in this case, Leonard Davis of the United States District Court for the Eastern District of Texas was required to rule on Newegg's Motion to Disqualify Jones Day shortly before trial. Judge Davis concluded "[f]or the past six years, Jones Day has become extensively familiar with the case and expended millions of dollars in preparation, and removing Jones Day now would severely prejudice

---

[2] Soverain recently retained the undersigned counsel solely to represent it in resolving the Engagement Letter disputes and the firm has no background in Soverain's patents at issue in this case.

Soverain." (Mar. 18, 2010 Order, E.D. Tex. Ct., Doc. 345, at 8.) With Newegg's

appeal brief already filed, the same severe prejudice holds true now and the Motion

to Withdraw should be denied due to the material adverse effect on Soverain.

### B. No Evidence Exists That Soverain Failed To Substantially Fulfill An Obligation To Jones Day.

Jones Day does not and cannot allege that it has not been paid any attorneys

fees by Soverain. Instead, Jones Day is simply claiming that under its reading of

the Engagement Letter, Soverain now owes it additional deferred fees at this time.

Soverain denies it owes Jones Day deferred fees at this time. (*See* Exhibit A,

Declaration of Katharine Wolanyk, ¶5.) As noted above, the parties are currently

engaged in dispute resolution to resolve their differences. Prior to a completion of

that process, no determination can be made as to a breach by either Jones Day or

Soverain.

Citing to *Top Sales, Inc. v. Designer Vans, Inc.*, No. Civ. A. 3:96-CV-0721,

1997 WL 786254 at *1 (N.D. Tex. Dec. 11, 1997), Jones Day alleges that an

attorney can withdraw from a case if the client fails to pay fees. (JD Mot., p. 5)

However, the court in *Top Sales* ruled that the client "did not substantially fulfill its

obligation to pay [the attorney's] fees as agreed." *Id.* at *1. Here the issue of

whether Soverain, or Jones Day for that matter, failed to substantially fulfill its

obligations is subject to dispute resolution. Without a determination of breach,

Jones Day's unsubstantiated claims are not good cause to warrant granting the motion.

## C. There Is No Financial Hardship To Jones Day Short Term.

Finally, Jones Day's claim of financial hardship under Rule 1.15(b)(6) is without merit. Soverain has already paid Jones Day millions of dollars in this case, with a potential to pay them significant additional fees depending on the final outcome. As noted in Newegg's opposition to Jones Day's Motion to Withdraw as counsel, Jones Day is one of the world's most profitable law firms according to the *American Lawyer*. (*See* Newegg's Opp., filed Nov. 29, 2010, at 6-7). Remaining in the case through the appeal will not unduly burden Jones Day financially.

However, to address Jones Day's claims of financial hardship, Soverain is willing to pay into an escrow account Jones Day's customary hourly fees for appeals on matters that Jones Day tried in order for them to complete this appeal. Final determination of Jones Day's right to these fees would be subject to a final agreement or order in the dispute resolution process currently underway.

## D. An Extension Of Time Is Warranted For Soverain To File Its Brief.

Soverain's brief is currently due January 20, 2011. (Exhibit A, ¶3.) If the Court denies Jones Day's Motion to Withdraw, an extension is warranted because Jones Day has not started to prepare for briefing due to its unreasonable position in its Motion to Withdraw. Therefore, Soverain requests a 60 day extension to file

their brief from the date the Court denies Jones Day's Motion to Withdraw.[3]

Newegg opposes Soverain's request for an extension of time.  (Exhibit A, ¶8.)

Soverain has not previously requested an extension of time for the appeal brief.

(Exhibit A, ¶7.)

## II. Alternatively, The Appeal Should Be Stayed Pending Dispute Resolution

Any dispute between Soverain and Jones Day is subject to the dispute

resolution process in the Engagement Letter.  The Federal Arbitration Act (FAA)

states, in relevant part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...." 9 U.S.C. § 3.

Here there is no dispute that the Engagement Letter is "an agreement in

writing" that requires all disputes related to the engagement to be referred to a

mediator and then, if necessary, to arbitration under the American Arbitration

---

[3] It is highly prejudicial to force Soverain to incur the expense of obtaining new appellate counsel while this Motion to Withdraw is pending and thus Soverain reserves the right to request an extension of time to file its brief in the event that the Court grants Jones Day's Motion to Withdraw.

Association's Commercial Dispute Resolution Procedures.[4]    The Federal Arbitration Act "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration ..." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also Harvey v. Joyce,* 199 F.3d 790, 793 (5th Cir. 2000) (discussing *Moses H. Cone* ). A motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Industrial Wire Prods., Inc. v. Costco Wholesale Corp.*, 576 F.3d 516, 520 (8th Cir. 2009) (citations omitted).

The Engagement Letter specifies that Jones Day may terminate its representation if Soverain materially breaches its terms.  Since the question of Soverain's alleged breach of the Engagement Letter must be resolved by the dispute resolution process, including arbitration if necessary, the Court should enter an order staying the appeal briefing until the dispute resolution process is complete.  The parties have already agreed on a mediator, scheduled an initial call with him for December 10, 2010, and anticipate the mediation will be conducted as soon as reasonable.

---

[4] As the terms of the Engagement Letter are confidential and it contains information related to Soverain's legal strategy, neither Jones Day nor Soverain attached a copy as an exhibit to their filings.  The parties agree on the dispute resolution process and have begun the procedure.

## CONCLUSION

Soverain respectfully requests that the Court deny Jones Day's Motion to Withdraw and grant Soverain a 60 day extension to file its brief from the date of the Court's ruling denying the Motion. Alternatively, Soverain requests a stay of the briefing schedule on appeal until Jones Day's claims of material breach are mediated and if necessary arbitrated.

Dated: December 9, 2010                    Respectfully submitted,

By: _____

Peter C. John
Eric R. Lifvendahl
Paul J. Ripp
Williams Montgomery & John Ltd.
233 South Wacker Drive
Suite 6100
Chicago, IL 60606
(312) 443-3200

*Counsel for Plaintiff-Appellee Soverain Software LLC*

#923257

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT**

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | ) | |
| | ) | Case No. 2011-1009 |
| Plaintiff/Appellee, | ) | |
| | ) | On appeal from the |
| v. | ) | United States District Court |
| | ) | for the Eastern District of Texas |
| NEWEGG INC., | ) | Civil Action No. 6:07-cv-00511-LED |
| | ) | Judge Leonard Davis |
| Defendant/Appellant. | ) | |

**Opposition of Soverain Software LLC
To Jones Day's Motion To Withdraw As Its Counsel
And Motion For Extension Of Time; Alternatively A Stay Of The Appeal**

# EXHIBIT A

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, | ) |
| | ) Case No. 2011-1009 |
| Plaintiff/Appellee, | ) |
| | ) On appeal from the |
| v. | ) United States District Court |
| | ) for the Eastern District of Texas |
| NEWEGG INC., | ) Civil Action No. 6:07-cv-00511-LED |
| | ) |
| Defendant/Appellant. | ) |

**Declaration Of Katharine Wolanyk in Support of Soverain's Opposition Brief**

I, Katharine A. Wolanyk, declare:

1.  I am the President and Chief Legal Officer of Soverain Software LLC ("Soverain"). I submit this declaration in connection with the Opposition of Soverain Software LLC To Jones Day's Motion To Withdraw As Its Counsel And Request For Extension Of Time; Alternatively A Stay Of The Appeal ("Opposition Brief") in the above captioned matter. I am fully familiar with the facts set forth herein, and could competently testify to them if called upon to do so.

2.  I have held the position of President and Chief Legal Officer of Soverain since June 1, 2003. Since then, I have been involved in the litigation that gave rise to this appeal in the matter entitled *Soverain Software LLC v. CDW Corporation, Newegg Inc., Redcats USA, Inc, Systemax Inc., The Sportsman's Guide, Inc., and Tigerdirect, Inc.*, case no. 6:07-cv-00511-LED, filed in the United States District Court for the Eastern District of Texas, Tyler Division ("Newegg Litigation").

3.  A Final Judgment was entered in the Newegg Litigation on August 11, 2010. (Dkt. #435.) Newegg Inc. ("Newegg") filed its notice of appeal on September 10, 2010 (Dkt. #445) and amended its notice of appeal on October 5, 2010. (Dkt. #449.) Newegg's appellate brief was filed December 7, 2010 and Soverain's response brief is due January 20, 2010.

4.  On November 19, 2010, Soverain's counsel, Jones Day, filed a Motion to Withdraw as Counsel which Soverain opposes. As a result of Jones Day's and Soverain's dispute, Jones Day informed Soverain that it has ceased work on this matter and has not started preparing for the response brief.

5.  In its Motion to Withdraw Jones Day makes the conclusory allegation that Soverain breached the Engagement Letter entered into between the parties by not paying certain deferred attorneys fees at this time. Soverain denies any further deferred fees are presently due and denies any breach of the Engagement Letter.

6. As part of Soverain's Opposition Brief to Jones Day's Motion to Withdraw, Soverain has requested that if the Motion to Withdraw is denied that Soverain be granted an extension of time to file its response brief until 60 days after the Court rules.

7. This is Soverain's first request for an extension of time to file its response brief and the request is warranted because Jones Day has ceased performing any work in this case on behalf of Soverain.

8. Soverain's newly-retained counsel, hired solely for the purpose of responding to the Motion to Withdraw and the dispute resolution, has contacted Newegg's counsel and informed them of the request for an extension of time. Newegg opposes a request for an extension as previously noted in its Opposition to Jones Day's Motion to Withdraw as Counsel for Soverain, filed November 29, 2010.

9. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed in Chicago, Illinois, on December 9, 2010.

Katharine Wolanyk

#922294

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### Soverain Softawre LLC v. Newegg Inc.
### 2011-1009

### CERTIFICATE OF INTEREST

In compliance with Federal Circuit Rules 27(a)(7) and 47.4(b), the undersigned counsel for Plaintiff-Appellee Soverain Software LLC, certifies the following:

1.     The full name and every party or amicus represented by me is:

SOVERAIN SOFTWARE LLC.

2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:  NONE.

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

NONE.

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

**Jones Day:**  Kenneth R. Adamo, Thomas Demitrack, Thomas L. Giannetti, Mark C. Howland, George T. Manning, Barry R. Satine, Jennifer Seraphine, Ognian V. Shentov, Andrey Belenky, Kenneth Canfield, Clark Craddock, Lynda Q. Nguyen, Debra R. Smith, Stela C. Tipi.

**The Roth Law Firm:**  Carl R. Roth, Amanda Aline Abraham;

**Siebman Burg Phillips & Smith:**  Michael C. Smith

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## Soverain Softawre LLC v. Newegg Inc.
## 2011-1009

## CERTIFICATE OF INTEREST (Continued)

**Williams Montgomery & John**: Peter C. John, Eric R. Lifvendahl, Paul J. Ripp

_12-10-2010_
_____
Date

_Paul J. Ripp_ (signature)
_____
Signature of Counsel

_Paul J. Ripp_
_____
Printed Name of Counsel

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## Soverain Software LLC v. Newegg Inc.
### 2011-1009

## CERTIFICATE OF FILING AND SERVICE

I certify that I filed, by fax, the foregoing **Opposition of Soverain Software LLC To Jones Day's Motion to Withdraw As Its Counsel, And Motion For Extension Of Time; Alternatively A Stay Of The Appeal**, the **Exhibits** attached thereto, and the **Certificate of Interest**, with the Clerk of the United States Court of Appeals for the Federal Circuit, and served a copy of the same documents on counsel of record, at the fax numbers on the attached service list, this 9th day of December, 2010.

I further certify that I filed, via overnight mail, the original and three copies, of the foregoing **Opposition of Soverain Software LLC To Jones Day's Motion to Withdraw As Its Counsel, And Motion For Extension Of Time; Alternatively A Stay Of The Appeal**, the **Exhibits** attached thereto, and the **Certificate of Interest**, with the Clerk of the United States Court of Appeals for the Federal Circuit, and served a copy of the same documents on counsel of record, at the addresses on the attached service list, this 9th day of December, 2010.

**Return Receipt Requested.**  The overnight filing includes an extra copy of the papers identified above.  The clerk is hereby requested to mark this copy received and filed, and return it in the self addressed, postage paid (first class) return envelope provided.

Paul J. Ripp (*Of Counsel* for Soverain Software LLC)
Williams Montgomery & John LLC
Willis Tower, 233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606

## Service List:

**Clerk of Court**
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439
202 275-9678 (fax)


**Counsel of Record for Appellant Newegg Inc.:**

Kent E. Baldauf, Jr. (*Principal Attorney*)
The Webb Law Firm
700 Koppers Building
436 Seventh Avenue
Pittsburg, PA 15219
412 471-4094 (fax)
kbaldaufjr@webblaw.com

David C. Hanson (*Of Counsel*)
The Webb Law Firm
700 Koppers Building
436 Seventh Avenue
Pittsburg, PA 15219
412 471-4094 (fax)
dhanson@webblaw.com

Daniel Harris Brean (*Of Counsel*)
The Webb Law Firm
700 Koppers Building
436 Seventh Avenue
Pittsburg, PA 15219
412 471-4094 (fax)
dbrean@webblaw.com

Claudia Wilson Frost (Of Counsel)
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin Street, Suite 2000
Houston, TX 77010
713 276-7673 (fax)
claudia.frost@pillsburylaw.com


**Counsel of Record for Soverain Software LLC:**

Kenneth R. Adamo (*Principal Attorney*)
Jones Day
2727 North Harwood Street
Dallas, TX 75201-1515
214 969-5100 (fax)
kradamo@jonesday.com

Thomas L. Giannetti (*Of Counsel*)
Jones Day
222 East 41st Street
New York, NY 10017-6702
212 755-7306 (fax)
tlgiannetti@jonesday.com

DocID#922466