# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| SOVERAIN SOFTWARE, LLC, ) | |
| ) | Case No. 2011-1009 |
| Plaintiff/Appellee, ) | |
| ) | On appeal from the United States |
| v. ) | District Court for the Eastern District |
| ) | of Texas |
| NEWEGG INC., ) | Civil Action No. 6:07-cv-00511-LED |
| ) | |
| Defendant/Appellant. ) | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION OF JONES DAY TO WITHDRAW AS COUNSEL FOR SOVERAIN SOFTWARE, LLC

Jones Day's motion to withdraw should be granted. The opposition filed by Soverain Software, LLC ("Soverain") largely cribs from the opposition previously filed by defendant-appellant Newegg Inc. It should be rejected for the same reasons set forth in Jones Day's reply to the Newegg opposition.

Soverain has breached its payment obligations to Jones Day, and Jones Day should not be required to continue working for free. Soverain will not be prejudiced if withdrawal is granted, particularly if the Court grants the extension for which Soverain has moved in connection with its opposition. Jones Day joins in the motion to extend.

Soverain agrees that this Court should look to the standards applicable in the Eastern District of Texas and the Court of Appeals for the Fifth Circuit in resolving this motion. (Opp. at 3.) Thus, this motion is governed by Texas Disciplinary

FILED
U.S. COURT OF APPEALS
DEC 14 2010
JAN HORBALY
CLERK

CLI-1859646v1

Rule of Professional Conduct 1.15(b) and the substantially identical ABA Model Rule 1.16(b). The *White* case cited by Soverain (Opp. at 4) held, consistent with the standard set forth in Jones Day's motion, that withdrawal is governed by the ethics rules adopted by the court and national standards. *White v. BAC Home Loans Servicing, LP*, Civ. Action No. 3:09-cv-2484-G, 2010 WL 2473833, at *2 (N.D. Texas June 15, 2010).

1. <u>Withdrawal Will Not Have a Material Adverse Impact on Soverain.</u>

Soverain's primary argument is that withdrawal will negatively impact it, and thus Texas Rule 1.15(b)(1) has not been met. (Opp. at 4-7.) Soverain's argument is without merit. Soverain complains that Jones Day's motion was served 18 days before Newegg's brief was due. Yet Jones Day has warned Soverain since August that its refusal to pay Jones Day's fees would necessitate withdrawal. Failure to pay the fees or to retain replacement appellate counsel is a problem of Soverain's own making.

Soverain is represented by another national law firm in litigation involving the same patents at issue in this case. Soverain's only excuse is that this other firm could not "represent Soverain's interests on this appeal as timely and cost effectively as Jones Day." (Opp. at 6.) Soverain has moved for at least a 60-day extension, and replacement counsel will be able to make itself knowledgeable of the issues raised in Newegg's appeal, which already have been the subject of post-

trial briefing. It likely is true that Soverain actually will have to pay replacement counsel, which undoubtedly will not be as "cost effective" as having Jones Day work for free. Paying for services rendered, however, hardly constitutes "prejudice" to Soverain.

Soverain's other ancillary arguments highlight the weakness of its position. Soverain's reliance on the protective order (Opp. at 6) ignores that replacement counsel will be able to enter it. Likewise, Soverain's repetition of Newegg's citation to Soverain's opposition to Newegg's failed motion to exclude Jones Day is meritless. (Opp. at 6; Newegg Opp. at 3-4.) In opposing that motion, Soverain rightly argued that disqualifying Jones Day on the eve of trial would cause it prejudice. That trial is over and the judgment is on appeal to this Court. Any arguments based upon the motion to disqualify are irrelevant.

2. <u>Jones Day Has Met The Requirements Of Texas Rule 1.15(b).</u>

Soverain wrongly argues that it has not materially breached its payment obligations to Jones Day. (Opp. at 7.) It is irrelevant that Soverain has paid some fees to Jones Day, particularly considering that Jones Day has represented Soverain in "patent matters for over seven (7) years and has been lead counsel in this case since its inception in 2007." (Opp. at 5.) Soverain has refused to pay Jones Day a significant amount of money that is currently owed. That is a

CLI-1859646v1

substantial failure to fulfill its obligations, warranting withdrawal under Texas Rule 1.15(b)(5).

Telling is Soverain's offer to "pay into an escrow account" fees for Jones Day's work on this appeal. (Opp. at 8.) If this Court were to deny Jones Day's motion to withdraw, Jones Day should be paid for its work on this appeal as that work is performed. This is yet another example of Soverain's attempt to avoid paying Jones Day at every opportunity. This same conduct has resulted in Soverain's breach of its payment obligations to Jones Day.

Also irrelevant is Soverain's citation to the parties' dispute resolution process. Mediation ultimately may resolve this dispute and the amount paid, but is no basis for this Court to force Jones Day to continue to represent Soverain without compensation. The dispute resolution process cited by Soverain is significant, however, because it demonstrates that another provision of Texas Disciplinary Rules of Professional Conduct 1.15(b) applies. As evidenced by the adversary proceedings, Jones Day's relationship with Soverain has deteriorated such that the representation has been "rendered unreasonably difficult" by Soverain. Tex. Disciplinary Rules of Prof'l Conduct 1.15(b)(6). Rule 1.15(b) is worded in the disjunctive. Thus, if any one of its provisions applies, the Court can grant Jones Day's motion. *In re Daniels*, 138 S.W.3d 31, 35 (Tex. Ct. App. 2004). Withdrawal is proper under both because Soverain has not fulfilled its obligations

CLI-1859646v1

to Jones Day, and because the representation has been rendered unreasonably difficult.

Soverain argues without support as to the supposed lack of evidence supporting Jones Day's motion. (Opp. at 2, 7.) Yet, Soverain itself argues that the terms of the Engagement Letter are "confidential." (*Id.* at 10.) If the Court requires additional evidence, Jones Day will provide it.

3. <u>Jones Day will be prejudiced absent withdrawal.</u>

Soverain's final argument, that Jones Day will not be prejudiced, also is wrong. The funds previously paid to Jones Day over seven years (Opp. at 8) are irrelevant to whether Soverain has wrongfully refused to pay Jones Day a significant amount of money. Also irrelevant are the gross fees Jones Day supposedly earned as a firm in 2009. (*Id.* at 8, citing Newegg's Opposition at 6-7.) The only issue under Texas Rule 1.15(b)(5) is that Soverain has failed to fulfill its obligations to Jones Day. The rule does not provide that large law firms are required to work for free, but small law firms are not.

4. <u>Jones Day Joins in Soverain's Motion for an Extension.</u>

Jones Day agrees that the Court should grant Soverain a 60-day extension to file its appellate brief. (Opp. at 8-9.) Soverain has not previously requested an extension of time. Soverain should retain replacement appellate counsel and the

extension will provide it more than sufficient time to prepare and file an appellate brief.

Jones Day opposes Soverain's request that the appeal be stayed pending dispute resolution between Soverain and Jones Day (Opp. at 9-10), to the extent this is an attempt to force Jones Day to remain as counsel. The Court should rule on and grant Jones Day's motion as soon as possible. Thereafter, Soverain should retain replacement appellate counsel.

Conclusion

For the foregoing reasons, Jones Day's motion to withdraw should be granted.

Dated: December 14, 2010

Respectfully submitted,

*/s/ Kenneth R. Adamo*

Kenneth R. Adamo
Principal Attorney
Email: kradamo@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone:  214-220-3939
Facsimile:   214-969-5100

Thomas L. Giannetti
Email: tlgiannetti@jonesday.com
JONES DAY
222 East 41st Street
New York, New York  10017-6702
Telephone:  212-326-3939
Facsimile:   212-755-7306

CLI-1859646v1

## Certificate of Service

This is to certify that on December 14, 2010, a copy of the foregoing was sent via overnight mail to the following:

Katharine A. Wolanyk, Esq.
Soverain Software LLC
Willis Tower
233 South Wacker Drive, Suite 9425
Chicago, Illinois 60606

Counsel for Plaintiff-Appellee
Soverain Software, LLC

Peter C. John, Esq.
Eric R. Lifvendahl, Esq.
Paul J. Ripp, Esq.
Williams Montgomery & John Ltd.
Willis Tower
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606

Counsel for Plaintiff-Appellee
Soverain Software, LLC

Kent E. Baldauf, Jr., Esq.
David C. Hanson, Esq.
Daniel Harris Brean, Esq.
The Webb Law Firm
700 Koppers Building
436 Seventh Avenue
Pittsburgh, Pennsylvania 15219

Counsel for Defendant-Appellant
Newegg Inc.

Claudia W. Frost, Esq.
Pillsbury Winthrop Shaw Pittman LLP
909 Fannin Street, Suite 2000
Houston, Texas 77010

Counsel for Defendant-Appellant
Newegg Inc.

CLI-1859646v1