# IN THE UNITED STATES DISTRICT COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| SOVERAIN SOFTWARE LLC, § <br> § <br> Plaintiff-Appellee, § <br> § <br> v. § <br> § <br> NEWEGG INC., § <br> § <br> Defendant-Appellant. § <br> § | Fed. Cir. Appeal No. 2011-1009 <br><br> On Appeal from the United States District Court for the Eastern District of Texas <br><br> Civil Action No. 6:07-cv-511 |

## NEWEGG'S OPPOSITION TO SOVERAIN'S MOTION FOR EXTENSION OF TIME TO OPPOSE AVON PRODUCTS' MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

Defendant-Appellant Newegg Inc. ("Newegg") hereby opposes Plaintiff-Appellee Soverain Software, LLC's ("Soverain") Motion for Extension of Time to Oppose Avon Products, Inc.'s ("Avon") Motion for Leave to File an *Amicus Curiae* Brief. Newegg opposes this motion for two reasons: (1) Soverain has no proper basis to seek an extension—an extension is not required for any substantive reason; and (2) an extension would only unnecessarily delay the Court's proceedings, substantially prejudicing Newegg.

### I.    There Is No Legitimate Reason For An Extension

Avon's filed its motion on December 14, 2010. That gave Soverain until December 24, 2010 — 10 full days — to oppose Avon's motion. Soverain has and



had ample time to thoroughly respond to Avon's motion before the start of the upcoming holiday season.[1] This is especially true given that Avon's motion is a simple, straightforward request for leave to file an amicus brief. It is not a complicated motion.

In the span of a mere five pages (two of which are simply lists of disputed claim terms), Avon presents two narrow and clear-cut issues: (1) that it has an interest in the present appeal because it is currently litigating with Soverain in the Eastern District of Texas regarding Avon's alleged infringement of the same patents at issue in this appeal; and (2) that Avon's amicus brief is necessary to raise certain claim construction issues Newegg has not independently raised.

It must be emphasized that Soverain seeks an extension to oppose Avon's <u>motion for leave to file</u> the *amicus curiae* brief, not the *amicus curiae* brief itself. Soverain's opposition need not delve into the substantive claim construction issues *per se*. Rather, to the extent Soverain disagrees with Avon's general arguments supporting leave to file an *amicus curiae* brief, Soverain does not need more than ten days (or more than a few pages) to fully present its counterpoints. Newegg respectfully submits that the time and effort put into the motion for an extension

---

[1] Soverain's only reason presented for seeking extension is the upcoming Christmas holiday. Because the original deadline fell on Friday, December 24 (a federal holiday), however, Rule 6 already accommodated Soverain by extending the deadline until Monday, December 27.

could have instead been used to prepare and file Soverain's opposition to Avon's motion, avoiding the need for any extension.

## II. An Extension Threatens Delay, Which Would Prejudice Newegg

Soverain's extension request is but the latest threat to delay these proceedings that Newegg has faced. It comes on the heels of Jones Day's request to withdraw as Soverain's counsel — a request that, though vigorously opposed by both Newegg and Soverain, if granted, threatens delay as Soverain would be forced to find new counsel. Every instance of delay in the proceedings of this case causes increased prejudice to Newegg.[2]

Newegg swiftly filed this appeal specifically to seek the prompt relief to which it is justly entitled. During any delay, Newegg must continue to carry on its books: (1) a $2.5 million judgment; (2) substantial ongoing royalties increasing daily; (3) additional costs awarded; and (4) the potential for a new trial. These are significant factors for Newegg to consider in its operational and financial planning. Newegg, its officers, and investors are entitled to a prompt resolution of these factors in accordance with the Federal Circuit's current schedule and the deadlines imposed by the Federal Rules of Appellate Procedure. Delay will impact Newegg's ability to make critical business decisions such as adding jobs or making investments to grow its business or innovate its technology.

---

[2] *See* Newegg's Opposition to Jones Day's Motion to Withdraw as Counsel for Soverain (filed on November 24, 2010).

## CONCLUSION

Soverain has no proper basis to seek an extension. The extension is not required for any substantive reason, and will only unnecessarily delay this Court's proceedings, substantially prejudicing Newegg. Soverain's motion for extension should be denied.

Dated: December 22, 2010

Respectfully submitted,

By: /s/ Daniel H. Brean
Kent E. Baldauf, Jr.
David C. Hanson
Daniel H. Brean

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T: (412) 471-8815
F: (412) 471-4094

Claudia W. Frost
Pillsbury Winthrop
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010
Telephone: (713) 276-7648

Counsel for Newegg Inc.

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2010, copies of the foregoing Opposition to Soverain's Motion for Extension of Time to Oppose Avon's Motion for Leave to File *Amicus Curiae* Brief were served via overnight mail upon the following:

<u>Counsel for Soverain Software, LLC</u>:

Kenneth R. Adamo
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
kradamo@jonesday.com

Thomas L. Giannetti
Jones Day
222 East 41st Street
New York, NY 10017-6702
tlgiannetti@jonesday.com

Paul J. Ripp
Williams Montgomery & John LLC
Willis Tower
233 South Wacker Drive, Suite 1600
Chicago, IL 60606
pjr@willmont.com

<u>Counsel for Avon Products, Inc.</u>:

Michael A. Nicodema
Gaston Kroub
Greenberg Traurig, LLP
MetLife Building
200 Park Avenue
New York, NY
nicodemam@gtlaw.com
kroubg@gtlaw.com

_____
Daniel H. Brean
Attorney for Newegg Inc.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## Soverain Software, LLC v. Newegg Inc.
## 2011-1009

### CERTIFICATE OF INTEREST

Counsel for Newegg Inc. hereby certifies the following:

1. The full name of every party or amicus represented by me is:

   Newegg Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   Not Applicable

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   Edward R. Reines, Weil, Gotshal & Manges LLP
   Kent E. Baldauf, Jr., The Webb Law Firm
   David C. Hanson, The Webb Law Firm
   Daniel H. Brean, The Webb Law Firm
   John W. McIlvaine, III, The Webb Law Firm
   Richard Sayles, Sayles Werbner
   Mark Strachan, Sayles Werbner
   Claudia Wilson Frost, Pillsbury Winthrop Shaw Pittman LLP
   Jeremy Gaston, Pillsbury Winthrop Shaw Pittman LLP
   Trey Yarbrough, Yarbrough & Wilcox, PLLC
   Eric H. Findlay, Findlay Craft
   Charles E. Juister, Marshall Gerstein & Borun
   Julianne Hartzell, Marshall Gerstein & Borun

Matthew C. Neilsen, Marshall Gerstein & Borun
Scott A. Sanderson, Marshall Gerstein & Borun
Thomas L. Duston, Marshall Gerstein & Borun

December 22, 2010

Daniel H. Brean
Attorney for Defendant-Appellant



**THE WEBB LAW FIRM**
Patent | Trademark | Copyright Law

700 Koppers Building         412.471.8815
436 Seventh Avenue           412.471.4094
Pittsburgh, PA  15219        webblaw@webblaw.com

DANIEL H. BREAN
Attorney at Law

December 22, 2010
**VIA FEDERAL EXPRESS**

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington D.C. 20439

RECEIVED
DEC 27 2010

Re:     <u>Soverain Software, LLC v. Newegg Inc., No. 2011-1009</u>

Dear Mr. Horbaly:

Enclosed please find for filing one original and three copies of Newegg's Opposition to Soverain's Motion for Extension of Time to Oppose Avon Products' Motion for Leave to File *Amicus Curiae* Brief in the above-referenced matter.

Also enclosed is one additional copy of the foregoing document, which we respectfully request be time-stamped and returned to us in the enclosed pre-paid envelope.

Please contact me if you have any questions.

Very truly yours,

Daniel H. Brean

DHB/jmnb
Enclosures
cc:     Thomas L. Giannetti, Esq.
        Kenneth R. Adamo, Esq.
        Paul J. Ripp, Esq.
        Michael A. Nicodema, Esq.