# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

### 2011-1009

SOVERAIN SOFTWARE LLC,

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 10 2011

Plaintiff-Appellee,

v.

JAN HORBALY
CLERK

NEWEGG INC.,

Defendant-Appellant.

Appeal from the United States District Court for the Eastern
District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

## OPPOSITION TO AVON PRODUCTS, INC.'S MOTION
## FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

RECEIVED



United States Court of Appeals
For The Federal Circuit

30

## INTRODUCTION

The proposed amicus brief of Avon Products, Inc. ("Avon") is a clumsy attempt to short-circuit the usual appellate process. Avon seeks to interject into this case claim construction issues that the parties themselves did not dispute in the district court and have not raised on appeal. Rather, Avon invites the Court to decide claim construction issues that are currently pending in a wholly separate case, *Soverain Software LLC v. J.C. Penney Corporation, Inc. et al* ("J.C. Penney Case"), before the district court has even issued its claim construction rulings. The Court should decline to consider issues that are irrelevant to this appeal and would preempt the district court in the J.C. Penney Case.

Before trial, Soverain Software LLC and Newegg Inc., the parties to this appeal, agreed on the construction of certain claim terms. In turn, the district court adopted the parties' agreed-upon constructions. As a result, there is no claim construction issue to be decided on appeal. Instead, Avon is now attempting to use an amicus brief to interpose claim construction issues with no bearing on the outcome of this case.

While styled as an amicus brief, Avon's submission is in substance an attempted interlocutory appeal of claim construction. However, Avon's brief differs from a proper interlocutory appeal in two ways. First, the district court has not certified the issue for interlocutory appeal, which is required for this Court to

exercise jurisdiction. Second, the district court has not issued its claim construction order, and as a result there is nothing for this Court to review. Thus, Avon's purported amicus brief is nothing more than a defective attempt at an interlocutory appeal. And even if Avon's amicus brief met the requirements for a proper interlocutory appeal, the Court does not normally grant petitions to resolve interlocutory claim construction disputes. Avon has presented no reason for the Court to depart from its usual practice of reviewing claim construction issues only after a final judgment has been rendered below.

The Court should decline Avon's attempt to obtain interlocutory rulings on undecided issues in the guise of an amicus brief. Neither party has consented to the filing of Avon's brief. Tellingly, none of Avon's four co-defendants in the J.C. Penney Case has opted to join its amicus brief either. Avon argues that "it is only through an amicus brief that Avon can assert these arguments in this forum." (Avon Brief at II.B.)[1] That is plainly wrong. Avon can assert its arguments in the same way as any other litigant – by waiting for the district court to issue a final judgment and then filing its own appeal. That is the established process for bringing claim construction issues before this Court, and that is what Avon should do instead of attempting to interject the issues through a so-called amicus brief.

---

[1] "Avon Brief" refers to Avon's Motion For Leave To File An Amicus Curiae Brief. Because the Avon Brief contains no page numbers, citations in this opposition are to the numbered sections of the Avon Brief.

# ARGUMENT

## I. Avon's Asserted Claim Construction Issues Are Wholly Irrelevant To The Disposition Of This Case.

Avon attempts to argue issues of claim construction for U.S. Patent Nos. 5,715,314, 5,909,492, and 7,272,639.[2] (Avon Brief at II.A.) However, those issues are wholly irrelevant to the disposition of this case because the parties below agreed on the construction of claim terms. (Doc. 212, Joint Notice of Agreement Re: Remaining Claim Terms.) The district court's claim construction order then adopted the parties' agreed-upon constructions. (Avon Brief Ex. C, Doc. 214, Claim Construction Order.) As a result, there is no claim construction issue before the Court in this case. Avon is merely attempting to preempt the district court in the J.C. Penney Case by asking this Court to decide issues that the parties themselves have not raised – and indeed could not raise on appeal.

Where an amicus seeks to interject an issue not raised by any of the parties themselves, there is no reason for the Court to resolve it. *Knetsch v. U.S.*, 364 U.S. 361, 370 (1960) ("This argument has never been advanced by petitioners in this case. Accordingly, we have no reason to pass upon it."); *Bell v. Wolfish*, 441 U.S. 520, 531 n. 13 ("Neither argument was presented to or passed on by the lower

---

[2] Jones Day (with Kenneth E. Adamo as Principal Attorney) remains Soverain's counsel for the purpose of litigating the present appeal. Soverain retained undersigned counsel to represent it in resolving a dispute with Jones Day and to request that the Court deny Jones Day's pending Motion to Withdraw. Since Jones Day is not responding on Soverain's behalf, the undersigned counsel files this response to address the limited issues raised in Avon's motion.

3

courts; nor have they been urged by either party in this Court. Accordingly, we have no occasion to reach them in this case."). Indeed, this Court typically declines to consider issues asserted by an amicus but not advanced by any party. *Christian v. U.S.*, 337 F.3d 1338, 1345 (Fed. Cir. 2003) ("Since none of the parties has made or adopted either argument, we decline to consider them."); *Donovan v. West*, 158 F.3d 1377, 1383 (Fed. Cir. 1998) ("The argument was not made in the Court of Veterans Appeals, however, and we decline to consider it, particularly since the contention is made solely by an amicus and Donovan has not adopted or approved it."); *see also U.S. v. F.M. Jabara & Bros.*, 19 C.C.P.A. 76, 78-79 (C.C.P.A. 1931) (declining to consider amicus brief that "raises a new question not presented to the court below, or raised in any assignment of error, or argued or referred to by the respective counsel for appellant or appellee"); *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 60 n. 2 (1981) ("We decline to consider this argument since it was not raised by either of the parties here or below.").

Here Avon seeks to assert claim construction issues that neither party has raised before the Court, and that neither party raised below. (*E.g.*, Avon Brief at II.B ["in fact NewEgg's Brief of Appellant in this Court is silent on claim construction issues"].) The Court should decline to consider the arguments in Avon's amicus brief for this reason alone.

## II. The District Court In Avon's Case Has Issued No Claim Construction Order That This Court Could Review.

By requesting leave to file an amicus brief in this case, Avon seeks to have the Court construe claim terms at issue in the J.C. Penney Case. That case is currently pending before the United States District Court for the Eastern District of Texas, which has not yet issued its claim construction order. While Avon styles its request as an amicus brief, what it actually seeks to do is have the Court decide claim construction in the J.C. Penney Case before the district court has had an opportunity to do so. Thus, Avon's amicus brief invites this Court to preempt the role of the district court in deciding claim construction issues as an initial matter.

The fundamental problem with Avon's request is that this Court does not have jurisdiction where the district court has neither issued a final judgment nor certified an interlocutory order for appeal. Under 28 U.S.C. § 1295, the Court has jurisdiction over final decisions of a district court. Under 28 U.S.C. § 1292, it also has jurisdiction over interlocutory decisions certified as appealable by a district judge. However, there is no jurisdiction where a district court has not issued any decision whatsoever. The district court has not made any decision whatsoever on claim construction in the J.C. Penney Case. Avon acknowledges as much: "The district court has not yet issued its claim construction order." (Avon Brief at I.A.) Thus, Avon is asking the Court to decide an issue over which it does not, and could not, have jurisdiction.

Because the district court has not yet decided claim construction – let alone certified its claim construction order for appeal – this Court does not have jurisdiction to decide claim construction in the J.C. Penney Case. There is simply nothing for the Court to review here.

### III. Avon Has Presented No Grounds For The Court To Depart From Its Usual Practice Of Reviewing Claim Construction Only Following A Final Judgment.

By requesting leave to file an amicus brief in this case, Avon also asks the Court to deviate from its usual practice of reviewing claim construction only following a final judgment. Even where a district court has certified its claim construction order for interlocutory appeal, this Court generally refrains from resolving claim construction disputes until the district court enters a final judgment. *Portney v. Ciba Vision Corp.*, Misc. No. 939, 2010 WL 4366016, *3 (slip op.) (Fed. Cir. Oct. 28, 2010) ("Here, we see no reason to depart from our general practice of waiting until final judgment has issued to resolve ordinary claim construction issues."); *St. Clair Intellectual Property Consultants, Inc. v. Nokia Corp.*, Misc. Nos. 952 and 953, 2010 WL 3818384 at *1 (slip op.) (Fed. Cir. Sept. 24 2010) (declining to hear claim construction issue even where district court certified issue for interlocutory appeal). The reason is simple. Interlocutory appeals are not meant to be used as a "tool for parties to avoid waiting for final judgment to seek ordinary error-correction." *Portney*, 2010 WL 4366016 at *3.

There is no reason for the Court to depart from its usual practice. Thus, the Court should decline Avon's request that it decide claim construction prior to the issuance of a final judgment in the J.C. Penney Case.

## CONCLUSION

For the foregoing reasons, Soverain respectfully requests that the Court deny Avon's motion for leave to file an amicus curiae brief.

Dated: January 7, 2011

Respectfully submitted,

By: _____
*Counsel for Plaintiff-Appellee*
*Soverain Software LLC*

Peter C. John
Eric R. Lifvendahl
Paul J. Ripp
Williams Montgomery & John Ltd.
233 South Wacker Drive, Suite 6100
Chicago, IL 60606
(312) 443-3200 (phone)
(312) 630-8505 (fax)

DocID#931726

7

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2011-1009

Soverain Software LLC,

Plaintiff-Appellee,

v.

Newegg Inc.,

Defendant-Appellant,

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

## CERTIFICATE OF INTEREST

In compliance with Federal Circuit Rules 27(a)(7) and 47.4(b), the undersigned counsel for Plaintiff-Appellee Soverain Software LLC, certifies the following:

1. The full name and every party or amicus represented by me is: SOVERAIN SOFTWARE LLC.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is: NONE.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: NONE.

Soverain Software v. Newegg, 2011-1009

## CERTIFICATE OF INTEREST (Continued)

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

**Jones Day:** Kenneth R. Adamo, Thomas Demitrack, Thomas L. Giannetti, Mark C. Howland, George T. Manning, Barry R. Satine, Jennifer Seraphine, Ognian V. Shentov, Andrey Belenky, Kenneth Canfield, Clark Craddock, Lynda Q. Nguyen, Debra R. Smith, Stela C. Tipi.
**The Roth Law Firm:** Carl R. Roth, Amanda Aline Abraham;
**Siebman Burg Phillips & Smith:** Michael C. Smith
**Williams Montgomery & John**: Peter C. John, Eric R. Lifvendahl, Paul J. Ripp

_01-07-2011_
Date

_Paul J. Ripp_
Signature of Counsel

_Paul J. Ripp_
Printed Name of Counsel

## CERTIFICATE OF SERVICE

I, Paul J. Ripp, hereby certify that on the January 7, 2011, I caused the:

1. **Opposition to Avon Products, Inc.'s Motion For Leave To File An *Amicus Curiae* Brief**

2. **Certificate of Interest**

to be served as follows:

One copy by facsimile and the original and four copies (and a pre-paid return envelope) by Federal Express to:

    Clerk of Court
    United States Court of Appeals for the Federal Circuit
    717 Madison Place, NW
    Washington, DC 20439
    Facsimile: 202-275-9678

One copy by facsimile and two copies by Federal Express to each of:

| | |
|---|---|
| Kent E. Baldauf, Jr.<br>Daniel Harris Brean<br>David C. Hanson<br>The Webb Law Firm<br>700 Koppers Building<br>436 Seventh Avenue<br>Pittsburgh, PA 15219<br>412-471-4094 (fax) | Claudia Wilson Frost<br>Pillsbury Winthrop Shaw Pittman LLP<br>909 Fannin Street, Suite 2000<br>Houston, TX 77010<br>713-276-7673 (fax) |
| Michael A. Nicodema<br>Gaston Kroub<br>Greenberg Traurig, LLP<br>200 Park Avenue<br>New York, NY 10166<br>212-801-6400 (fax) | |

_____
Paul J. Ripp



A FIRM OF TRIAL LAWYERS

**Paul J. Ripp**
(312) 443-3205
Fax: (312) 630-8505
pjr@willmont.com

January 7, 2011

## VIA OVERNIGHT MAIL

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington D. C. 20439

      Re:   *Soverain Software, LLC v. Newegg Inc.*, Case No. 2011-1009
             Appeal from the United States District Court for the Eastern District of Texas
             in Case No. 07-CV-0511, Judge Leonard Davis

Dear Mr. Horbaly:

      Please find enclosed for filing the original and three copies of the Soverain Software LLC's ("Soverain") Opposition to Avon Products, Inc.'s Motion for Leave to File an *Amicus Curiae* Brief in the above referenced matter. A copy of the original was also transmitted to the Federal Circuit Court of Appeals, by facsimile to 202-275-9678, on January 7, 2011, pursuant to Federal Circuit Rule 25.

      This overnight filing includes an extra copy of the foregoing document. Please mark this copy received and filed, and return it in the self addressed return envelope provided.

                                Very truly yours,

                                WILLIAMS MONTGOMERY & JOHN

                                By:   Paul J. Ripp

Enclosure
cc:   Counsel of record (as listed on certificate of service)

DocID#931967

**RECEIVED**

JAN 10 2011

United States Court of Appeals
For The Federal Circuit