

700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219

P 412.471.8815
F 412.471.4094
webblaw@webblaw.com

KENT E. BALDAUF, JR.
Attorney at Law

January 10, 2011
**VIA FEDERAL EXPRESS**

The Honorable Jan Horbaly
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington D.C. 20439

      Re:    <u>Soverain Software, LLC v. Newegg Inc., No. 2011-1009</u>

Dear Mr. Horbaly,

      This letter is to notify the Court of a citation error on page 30 of Appellant Newegg's Principal Brief, filed December 7, 2010 in the above-referenced appeal. In particular, line 15 of page 30 incorrectly cites pages A10405-06 of the Joint Appendix. The correct citation should be to pages A9701-02.

      We will be arranging for Newegg's filing agent, The Lex Group, to come to the Court this week to place the corrected citation on page 30 of the copies of the Brief on file. No other changes to the Brief will be made.

      This letter and notice of error has been served on all counsel of record.

      If you have any questions or need anything further to correct this matter, please contact me.

Very truly yours,

Kent E. Baldauf, Jr.

KEB, Jr./DHB:jmnb

*v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict."); *cf. Bell & Howell Document Mgmt. Prods. Co. v. Altek Sys.*, 132 F.3d 701, 706 (Fed. Cir. 1997) ("any expert testimony that is inconsistent with unambiguous intrinsic evidence should be accorded no weight" for claim construction purposes).

Even if Soverain's characterization of Newegg's system were correct, Newegg still would not satisfy the modification limitations. The shopping cart claims require the system to "*modif[y] the shopping cart* in [the] shopping cart database." The district court construed the term "shopping cart" to mean "a stored representation of a collection of products." (A60). Thus, even if the customer's shopping cart were inserted into some predefined database space created by the shopping cart ID, Soverain conceded the supposed "instance of a shopping cart" contains no product information. (A9701-02) [line 15] (arguing that Newegg's system involves "creating an instance of a shopping cart before populating it" with the product information). Thus, Soverain's "instance of a shopping cart" is not a "shopping cart" under the district court's construction because it contains no product information. Any modification of the supposed "instance" does not modify a "shopping cart."