# IN THE UNITED STATES DISTRICT COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

| | | |
|---|---|---|
| SOVERAIN SOFTWARE LLC, | § § § | |
| Plaintiff-Appellee, | § | Fed. Cir. Appeal No. 2011-1009 |
| | § | |
| v. | § § | On Appeal from the United States District Court for the |
| NEWEGG INC., | § § | Eastern District of Texas |
| Defendant-Appellant. | § § § | Civil Action No. 6:07-cv-511 |

RECEIVED

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 18 2011

JAN HORBALY
CLERK

## NEWEGG'S OPPOSITION TO SOVERAIN'S SUPPLEMENTAL MOTION AND JONES DAY'S RENEWED MOTION FOR EXTENSION OF TIME TO FILE APPELLEE'S BRIEF

Defendant-Appellant Newegg Inc. ("Newegg") hereby opposes Plaintiff-Appellee Soverain Software, LLC's ("Soverain") Supplemental Motion for Extension of Time to File Appellee's Brief, filed on January 13, 2011 (the "Supplemental Motion"), and Jones Day's Renewed Motion for Extension of Time to File Appellee's Brief, filed on January 14, 2011 (the "Renewed Motion"). Newegg opposes these motions for two reasons: (1) an extension is not required for any substantive reason, but is only being sought to remedy Jones Day's and Soverain's ostensible complete and reckless disregard for the rules and authority of this Court; and (2) an extension would only unnecessarily delay the Court's

proceedings, substantially prejudicing legitimate and major Newegg interests by denying Newegg a swift and just resolution of this case.

## I.     There Is No Legitimate Reason For An Extension

In opposing Jones Day's pending motion to withdraw, Soverain originally requested an extension for 60 additional days to respond to Newegg's principal brief. This request was filed on December 9, 2010, and was subsequently joined by Jones Day. Now, more than a month later, and only days before Soverain's brief is due, Soverain suddenly seeks a 90 day extension of time. It defies logic and common sense that Soverain should now require a <u>90</u> day extension of time, when more than more than five weeks have passed since Soverain expressly deemed <u>60</u> days to be adequate. One can only surmise that Soverain's request for an extension of time is not sought for the purpose of enabling it to prepare its Appellee brief.

Soverain's Supplemental Motion argues on page 2 that "[d]ue to the pending dispute relating to Jones Day's Motion to Withdraw, Jones Day ceased working on this matter." This fact is supported by the accompanying declaration of Katherine Wolanyk at paragraph 4. Paragraph 6 of Ms. Wolanyk's declaration indicates that "Soverain has retained [the law firm of] Williams Montgomery & John Ltd. for the limited purpose of preserving Soverain's right to appeal with Jones Day as its counsel and to represent Soverain in the dispute resolution process." Paragraph 7

notes that the presently requested 90 day extension is sought only "in the event that the Court grants Jones Day's motion so that substitute counsel will have sufficient time to become familiar with [the case]." Thus, by all representations to this Court Soverain has not yet retained or even sought alternative patent counsel to handle the appeal. Soverain has been simply waiting for this Court to address the withdrawal motion, operating under the assumption that it will receive a stay of these proceedings or at least an additional 90 days to find and educate new counsel. Likewise, Jones Day's Renewed Motion does not make any representations as to whether Jones Day has been preparing Soverain's Appellee brief.

As Newegg previously explained, and Soverain admitted, Soverain is hardly an impoverished party incapable or retaining and paying for multiple highly competent attorneys. As Soverain explained on page 5 of its opposition to Jones Day's motion to withdraw, "Jones Day was paid millions of dollars" by Soverain to handle this litigation. These "millions of dollars" represent a fraction of the many more millions of dollars in settlement amounts received by Soverain from other companies accused of infringing the patents-in-suit, such as Amazon.com and The Gap. *See* Newegg's Opposition to Jones Day's Motion to Withdraw, filed November 24, 2010, at 6-7. Further, while Soverain was paying Jones Day its millions in fees, Soverain also retained (and presumably has been paying) the Quinn Emmanuel firm to represent it in the co-pending litigation between Soverain

and several new online retailers (*Soverain Software, LLC v. J.C. Penny Corporation, Inc., et al.*, Case No. 6:09-cv-00274-LED (E.D. Texas)). *See* Soverain's Opposition to Jones Day's Motion to Withdraw, filed December 9, 2010, at 5-6.

If true, the present situation highlights grossly irresponsible behavior on the part of both Jones Day and Soverain before this Court. To assume that Jones Day's thinly supported and conclusory motion to withdraw as counsel[1] would be granted, or to assume that this Court would invariably grant any requested stay or extension, would be going out on a limb, to say the least. For both parties to completely cease working toward filing a response to Newegg's appeal brief, however, is simply reckless and flies in the face of this Court's authority to set and enforce a briefing schedule in accordance with the Federal Rules of Appellate Procedure.

Newegg finds it hard to believe that both Jones Day and Soverain would engage in such reckless behavior. However, Ms. Wolanyk's sworn declaration recites such facts under penalty of perjury, despite these facts not being corroborated by any documentary evidence (e.g., correspondence), not being supported by another declaration (e.g., from Soverain's attorneys), and not even

---

[1] *See* Newegg's Opposition to Jones Day's Motion to Withdraw as Counsel for Soverain (filed on November 24, 2010) (demonstrating that Jones Day's motion falls far short of satisfying the requirements for withdrawal based on alleged non-payment).

being necessarily based on first hand personal knowledge as to Jones Day's activities. Absent countervailing evidence, for purposes of this opposition, Newegg must assume that Ms. Wolanyk's stated facts are true.

For Jones Day, such behavior likely constitutes professional malpractice. Any reasonably prudent law firm, much less one claiming Jones Day's sterling reputation and stature, would be drafting Soverain's appeal brief in the event that its motion to withdraw is ultimately denied. As Soverain's trial counsel, Jones Day has had ample time to prepare Soverain's Appellee brief to meet the original 40 day deadline imposed by the Federal Rules of Appellate Procedure. For Soverain, such behavior showcases Soverain's indifference to asserting its positions on appeal in a timely fashion, and suggests a desire not to have his litigation resolved. Any reasonably prudent client involved in a multi-million dollar lawsuit would have begun to seek and work with alternative patent counsel as soon as Jones Day allegedly refused to continue working on this appeal. Here, however, with several new online retailer defendants accused of infringement in a related case before the district court, Soverain stands to gain much by delaying a resolution of this appeal, should this Court make any determinations in this case that could be unfavorable to Soverain in that related case.

Soverain's Supplemental Motion also argues on page 2 that "Jones Day remains uniquely positioned to represent Soverain's interests in this appeal."

While Newegg agrees that Jones Day is certainly the most well prepared to handle the appeal for Soverain, other attorneys and firms are surely capable, but only if given the time and opportunity to review and study the case. Soverain has ostensibly withheld such time and opportunity from any other firm, however, since its dispute with Jones Day began, which was well before Newegg had even filed its principal brief. *See* Jones Day's Motion to Withdraw, filed November 19, 2010 (explaining the ongoing dispute between Jones Day and Soverain that had preceded Jones Day's motion). It is unreasonable for Soverain to not have been seeking and working with alternative counsel on this appeal merely because Jones Day's motion to withdraw is still pending.

Jones Day's and Soverain's reckless disregard for this Court's rules and authority should not be rewarded with a 90 day extension. Likewise, Newegg should not be punished by the prejudice that would result from such an extension.

## II.     An Extension Threatens Delay, Which Would Prejudice Newegg

Soverain's current extension request is but the latest threat to delay these proceedings that Newegg has faced. Jones Day's request to withdraw as Soverain's counsel, though vigorously opposed by both Newegg and Soverain, if granted, threatens delay. Soverain's opposition to Jones Day's motion sought to stay these proceedings pending the outcome of mediation with Jones Day, or alternatively to extend the deadline for filing its opposition brief for 60 days.

Soverain also sought an extension to oppose *amicus curiae* Avon Products, Inc.'s motion for leave of court to file its *amicus* brief. Now Soverain seeks to extend the deadline for filing its Appellee brief by 90 days.

Every instance of delay in the proceedings of this case causes increased prejudice to Newegg. Newegg swiftly filed this appeal specifically to seek the prompt relief to which it is justly entitled. During any delay, Newegg must continue to carry on its books: (1) a $2.5 million judgment; (2) substantial ongoing royalties increasing daily; (3) additional costs awarded; and (4) the potential for a new trial. These are significant factors for Newegg to consider in its operational and financial planning. Newegg, its officers, its employees, and its investors are entitled to a prompt resolution of these factors in accordance with the Federal Circuit's current schedule and the deadlines imposed by the Federal Rules of Appellate Procedure. Delay will impact Newegg's ability to make critical business decisions such as adding jobs or making investments to grow its business or improve its technology.

Granting Soverain its requested 90 day extension will seriously delay the resolution of this appeal, materially and tangibly prejudicing Newegg. As Newegg argued previously, this case presents a situation where the aphorism "justice delayed is justice denied" is particularly applicable.

## CONCLUSION

Soverain has no proper basis to seek an extension. This Court should not reward Jones Day's and Soverain's apparent imprudence, reckless disregard for this Court's authority, and blatant attempt to deny timely justice to Newegg, with any extension of time. The requested extension is not required for any substantive reason, and will only unnecessarily delay this Court's proceedings, substantially prejudicing Newegg. Soverain's Supplemental Motion and Jones Day's Renewed Motion for extension should be denied.

Respectfully submitted,

Dated: January 17, 2011

By: _____
Kent E. Baldauf, Jr.
David C. Hanson
Daniel H. Brean

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T: (412) 471-8815
F: (412) 471-4094

Claudia W. Frost
Pillsbury Winthrop
2 Houston Center
909 Fannin, Suite 2000
Houston, TX 77010
Telephone: (713) 276-7648

Counsel for Newegg Inc.

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Soverain Software, LLC v. Newegg Inc.
2011-1009

## CERTIFICATE OF INTEREST

Counsel for Newegg Inc. hereby certifies the following:

1. The full name of every party or amicus represented by me is:

   Newegg Inc.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   Not Applicable

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   None

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   Edward R. Reines, Weil, Gotshal & Manges LLP
   Kent E. Baldauf, Jr., The Webb Law Firm
   David C. Hanson, The Webb Law Firm
   Daniel H. Brean, The Webb Law Firm
   John W. McIlvaine, III, The Webb Law Firm
   Richard Sayles, Sayles Werbner
   Mark Strachan, Sayles Werbner
   Claudia Wilson Frost, Pillsbury Winthrop Shaw Pittman LLP
   Jeremy Gaston, Pillsbury Winthrop Shaw Pittman LLP
   Trey Yarbrough, Yarbrough & Wilcox, PLLC

Eric H. Findlay, Findlay Craft
Charles E. Juister, Marshall Gerstein & Borun
Julianne Hartzell, Marshall Gerstein & Borun
Matthew C. Neilsen, Marshall Gerstein & Borun
Scott A. Sanderson, Marshall Gerstein & Borun
Thomas L. Duston, Marshall Gerstein & Borun

January 17, 2011

_____
Daniel H. Brean
Attorney for Defendant-Appellant

## CERTIFICATE OF SERVICE

This is to certify that on January 17, 2011, copies of the foregoing Opposition to Soverain's Supplemental Motion And Jones Day's Renewed Motion for Extension of Time to File Appellee Brief were served via overnight mail upon the following:

<u>Counsel for Soverain Software, LLC</u>:

Kenneth R. Adamo
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
kradamo@jonesday.com

Thomas L. Giannetti
Jones Day
222 East 41st Street
New York, NY 10017-6702
tlgiannetti@jonesday.com

Paul J. Ripp
Williams Montgomery & John LLC
Willis Tower
233 South Wacker Drive, Suite 1600
Chicago, IL 60606
pjr@willmont.com

_____
Daniel H. Brean
Attorney for Newegg Inc.



700 Koppers Building    412.471.8815
436 Seventh Avenue    412.471.4094
Pittsburgh, PA 15219    webblaw@webblaw.com

DANIEL H. BREAN
Attorney at Law

January 17, 2011
**VIA FEDERAL EXPRESS**

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington D.C. 20439

         Re:    <u>Soverain Software, LLC v. Newegg Inc., No. 2011-1009</u>

Dear Mr. Horbaly:

       Enclosed please find for filing one original and three copies of Newegg's Opposition to Soverain's Supplemental Motion and Jone's Day's Renewed Motion for Extension of Time to File Appellee's Brief in the above-referenced matter.

       Also enclosed is one additional copy of the foregoing document, which we respectfully request be time-stamped and returned to us in the enclosed pre-paid envelope.

       Please contact me if you have any questions.

                                                         Very truly yours,

                                                         Daniel H. Brean

DHB/jmnb
Enclosures

cc:    Thomas L. Giannetti, Esq.
       Kenneth R. Adamo, Esq.
       Paul J. Ripp, Esq.

                                                       RECEIVED

                                                 United States Court of Appeals
                                                    For The Federal Circuit