# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2011-1009

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee,

v.

NEWEGG INC.,

Defendant-Appellant.



Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

## SOVERAIN'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO AVON'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Appellee Soverain Software LLC ("Soverain") hereby submits this Motion for Leave to File a Sur-Reply in opposition to Avon Products, Inc.'s ("Avon's") Motion for Leave to File an *Amicus Curiae* Brief. In its Reply in support of its Motion, Avon references new facts and makes new arguments concerning the District Court's January 13, 2011 claim construction Opinion in the separately pending case, *Soverain Software LLC v. J.C. Penney Corporation, Inc., et al.*, Case No. 6:09-cv-274 (E.D. Tex.) ("the J.C. Penney Case"). *See* Avon's Reply in

Support of its Motion for Leave to File an *Amicus Curiae* Brief ("Reply") at Sections A and B.

This Court routinely exercises its discretion to consider sur-replies. *See Outside the Box Innovations, LLC v. Travel Caddy, Inc.*, 369 Fed. Appx. 116, 118 (Fed. Cir. 2010) (granting motion to file sur-reply); *ilight Techs., Inc. v. Fallon Luminous Prods. Corp.*, 2009-1342, 2009 WL 1939187 at *1 (Fed. Cir. July 1, 2009) (same); *In re Roche Molecular Sys.*, 516 F.3d 1003, 1005 (Fed. Cir. 2008) (same). Here, Soverain respectfully requests that it be permitted to file the attached Sur-Reply in order to address the new arguments raised for the first time in Avon's Reply.

Respectfully submitted,

Dated: January 25, 2011   _____

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## 2011-1009

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee,

v.

NEWEGG INC.,

Defendant-Appellant.

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

## SOVERAIN'S SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO AVON'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

On January 13, 2011, the District Court in the J.C. Penney Case issued a Memorandum Opinion construing certain disputed terms in the claims of the asserted patents in that separately pending lawsuit. In its Reply in Support of its Motion for Leave to File an *Amicus Curiae* Brief ("Avon Reply"), Avon argues that the District Court's recent opinion now confers jurisdiction on this Court to review those claim construction issues in this separately-pending appeal. Avon cites no authority, and Soverain is aware of none, that remotely supports Avon's

novel concept of appellate jurisdiction. Indeed, as set forth in Soverain's opposition to Avon's motion, the authority is uniformly to the contrary. The District Court's claim construction opinion in the separately-pending J.C. Penney Case changes nothing. Avon is merely attempting to obtain an interlocutory ruling on claim construction issues that are simply not addressed by the final judgment in this appeal currently pending before the Court. Thus, Soverain respectfully requests that the Court deny Avon's Motion for Leave to File its *Amicus Curiae* Brief.

## ARGUMENT

### A.  The J.C. Penney Court's Claim Construction Opinion Does Not Confer Jurisdictionin this Appeal.

In its Reply, Avon now argues that the District Court's recent claim construction Opinion in the J.C. Penney Case somehow creates appellate jurisdiction here. (*See* Avon Reply at § A.) Contrary to that argument, Avon is not entitled to seek this Court's review of the claim construction in the J.C. Penney Case via an amicus brief in this separate appeal. The fact that the J.C. Penney Court recently issued its claim construction Opinion does not change this result. There has been no final judgment and no certified interlocutory appeal in that case. *See* 28 U.S.C. § 1295 (granting this Court jurisdiction over final judgments of a district court); 28 U.S.C. § 1292 (granting this Court jurisdiction over an

interlocutory decision certified as appealable by a district court judge). Thus, there is nothing for this Court to review.

The parties in the J.C. Penney case are in the process of completing discovery. Trial on infringement and validity is currently scheduled for the week of May 9, 2011. And even if the District Court in the J.C. Penney Case had certified the issue, this Court does not ordinarily accept claim construction issues on an interlocutory basis. *Portney v. Ciba Vision Corp.*, Misc. No. 939, 2010 WL 4366016, *3 (slip op.) (Fed. Cir. Oct. 28, 2010). Merely because the J.C. Penney Court has now issued its Opinion construing certain disputed claim terms does not cure the deficiencies inherent in Avon's Motion to file its proposed amicus brief.

**B.     Claim Construction Is Not At Issue In This Appeal.**

Avon also contends that the J.C. Penney Court's claim construction Opinion now establishes this Court's jurisdiction to consider those issues on appeal because, "[t]here can be no doubt that this Court has jurisdiction to decide issues of claim construction on patents before it on appeal." (Avon Reply at § A.) The flaw in Avon's argument is that there are no disputed claim construction issues before the Court in this appeal. The parties here stipulated to the construction of the asserted claims, and the District Court adopted those constructions. The appeal of the judgment here simply does not encompass disputed rulings on claim construction because there are no such disputes. *See Interactive Gift Express, Inc.*

*v. Compuserve Inc.*, 256 F.3d 1323, 1346 (Fed. Cir. 2001) (litigants may not adopt a new claim construction on appeal). Indeed, in its opening brief, the Appellant here, Newegg Inc., does not raise any claim construction issues. Yet, incredibly, Avon seeks to appeal constructions of claim terms that neither party to this appeal would have standing to raise. Contrary to Avon's sweeping arguments in its Reply, this Court reviews judgments, not patents. *See id.* at 1347 *citing Sage Prods. Inc. v. Devon Industries, Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997) ("this court does not 'review' that which was not presented to the district court"). It does not have jurisdiction over pending cases merely because the same patents are at issue. The claim construction Opinion in the J.C. Penney Case does not change this fundamental legal principle.

Notably, Avon points to no authority in support of its attempt to appeal the J.C. Penney Court's claim construction via an amicus brief in an entirely separate case. The Court should not establish such precedent here. Doing so would only invite litigants to file amicus briefs in every appeal involving related patents, with the hope that the Court might grant an early appellate decision on claim construction. Such a result would be unworkable, both for this Court and the district courts seeking to prepare cases on their dockets for trial.

## CONCLUSION

For the foregoing reasons, Soverain respectfully requests that the Court deny Avon's motion for leave to file an amicus curiae brief.

Dated: January 25, 2011

Respectfully submitted,

By: *[signature]*
*Counsel for Plaintiff-Appellee*
*Soverain Software LLC*

Peter C. John
Eric R. Lifvendahl
Paul J. Ripp
Williams Montgomery & John Ltd.
233 South Wacker Drive, Suite 6100
Chicago, IL 60606
(312) 443-3200 (phone)
(312) 630-8505 (fax)

DocID#935693

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2011-1009

Soverain Software LLC,

Plaintiff-Appellee,

v.

Newegg Inc.,

Defendant-Appellant,

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

## **CERTIFICATE OF INTEREST**

In compliance with Federal Circuit Rules 27(a)(7) and 47.4(b), the undersigned counsel for Plaintiff-Appellee Soverain Software LLC, certifies the following:

1. The full name and every party or amicus represented by me is: SOVERAIN SOFTWARE LLC.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is: NONE.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: NONE.

Soverain Software v. Newegg, 2011-1009

## CERTIFICATE OF INTEREST (Continued)

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

**Jones Day**: Kenneth R. Adamo, Thomas Demitrack, Thomas L. Giannetti, Mark C. Howland, George T. Manning, Barry R. Satine, Jennifer Seraphine, Ognian V. Shentov, Andrey Belenky, Kenneth Canfield, Clark Craddock, Lynda Q. Nguyen, Debra R. Smith, Stela C. Tipi.

**The Roth Law Firm:** Carl R. Roth, Amanda Aline Abraham;

**Siebman Burg Phillips & Smith:** Michael C. Smith

**Williams Montgomery & John**: Peter C. John, Eric R. Lifvendahl, Paul J. Ripp

| | |
|---|---|
| 1-25-2011 | *[signature]* |
| Date | Signature of Counsel |
| | Paul J. Ripp |
| | Printed Name of Counsel |

## CERTIFICATE OF SERVICE

I, Paul J. Ripp, hereby certify that on the January 25, 2011, I caused the:

1. **Soverain's Motion for Leave to File a Sur-Reply to Avon's Motion for Leave to File an Amicus Curiae Brief (and Sur-Reply attached thereto)**

2. **Certificate of Interest**

to be served as follows:

One copy by facsimile and the original and four copies (and a pre-paid return envelope) by Federal Express to:

>Clerk of Court
>United States Court of Appeals for the Federal Circuit
>717 Madison Place, NW
>Washington, DC 20439
>Facsimile: 202-275-9678

One copy by facsimile and two copies by Federal Express to each of:

>Kent E. Baldauf, Jr.
>Daniel Harris Brean
>David C. Hanson
>The Webb Law Firm
>700 Koppers Building
>436 Seventh Avenue
>Pittsburgh, PA 15219
>412-471-4094 (fax)

>Claudia Wilson Frost
>Pillsbury Winthrop Shaw Pittman LLP
>909 Fannin Street, Suite 2000
>Houston, TX 77010
>713-276-7673 (fax)

>Michael A. Nicodema
>Gaston Kroub
>Greenberg Traurig, LLP
>200 Park Avenue
>New York, NY 10166
>212-801-6400 (fax)

_____
*[signature: Paul J. Ripp]*



# WILLIAMS MONTGOMERY & JOHN LTD

A FIRM OF TRIAL LAWYERS

**Paul J. Ripp**
(312) 443-3205
Fax: (312) 630-8505
pjr@willmont.com

January 25, 2011

**RECEIVED**

<u>*VIA OVERNIGHT MAIL*</u>

JAN 2 6 2011

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington D. C. 20439

United States Court of Appeals
For The Federal Circuit

Re: ***Soverain Software, LLC v. Newegg Inc.***, Case No. 2011-1009
Appeal from the United States District Court for the Eastern District of Texas
in Case No. 07-CV-0511, Judge Leonard Davis

Dear Mr. Horbaly:

Please find enclosed for filing the original and three copies of Soverain Software LLC's Motion For Leave to File A Sur-Reply to Avon's Motion for Leave to File an Amicus Curiae Brief, and attachments thereto, in the above referenced matter. A copy of the original was also transmitted to the Federal Circuit Court of Appeals, by facsimile to 202-275-9678, on January 25, 2011, pursuant to Federal Circuit Rule 25.

This overnight filing includes an extra copy of the foregoing document. Please mark this copy received and return it in the self addressed return envelope provided.

Very truly yours,

WILLIAMS MONTGOMERY & JOHN

By: Paul J. Ripp

Enclosure
cc: Counsel of record (as listed on certificate of service)

DocID#935808

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

## 2011-1009

---

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee,

v.

NEWEGG INC.,

Defendant-Appellant.

---

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

---

## SOVERAIN'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO AVON'S MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF

Appellee Soverain Software LLC ("Soverain") hereby submits this Motion for Leave to File a Sur-Reply in opposition to Avon Products, Inc.'s ("Avon's") Motion for Leave to File an *Amicus Curiae* Brief. In its Reply in support of its Motion, Avon references new facts and makes new arguments concerning the District Court's January 13, 2011 claim construction Opinion in the separately pending case, *Soverain Software LLC v. J.C. Penney Corporation, Inc., et al.*, Case No. 6:09-cv-274 (E.D. Tex.) ("the J.C. Penney Case"). *See* Avon's Reply in