# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

**2011-1009**

---

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee,

v.

NEWEGG INC.,

Defendant-Appellant.

---

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

---

# SOVERAIN SOFTWARE LLC'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL MOTION TO EXTEND TIME TO FILE APPELLEE'S BRIEF

RECEIVED

JAN 28 2011

United States Court of Appeals
For The Federal Circuit

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 28 2011

JAN HORBALY
CLERK

Soverain Software LLC ("Soverain") respectfully submits this reply in support of its Supplemental Motion for a ninety day extension of time to file its Appellee's Brief in the event that the Court grants Jones Day's pending Motion to Withdraw. Soverain requested this extension because the Court has not yet ruled on Jones Day's motion. As a result, it is unresolved whether Soverain will be able to proceed in this appeal with Jones Day – its trial counsel and counsel of choice here – or whether Soverain must proceed with substitute counsel – a much more expensive alternative that necessarily requires new counsel to get up to speed as quickly as possible midway through the briefing in this appeal.

Newegg Inc. ("Newegg"), however, seeks to preempt the Court's resolution of this issue. In a caustic and rhetoric-laced opposition, Newegg accuses Soverain of "imprudence, reckless disregard for this Court's authority, and [a] blatant attempt to deny timely justice to Newegg." (Newegg Opp'n at 8.) According to Newegg, any extension in this case will prevent it from making "critical business decisions such as adding jobs or making investments." *Id.* at 7. Newegg also contends that Soverain's actual goal is "not to have this litigation resolved" because it "stands to gain much by delaying a resolution of this appeal." *Id.* at 5. Newegg has absolutely no support for any of these allegations. Indeed, its opposition contains not a single citation to either legal authority or supportive evidence, choosing instead to rely on unsupported inferences and insinuation.

Contrary to Newegg's unsupported rhetoric, Soverain has meticulously followed the Court's rules and requirements in order to obtain timely rulings on the issues that have unexpectedly arisen during this appeal. An extension of time is necessary so that the Court has a meaningful opportunity to consider the currently-pending issues and the parties can proceed with briefing in an orderly way.

Jones Day is Soverain's choice of counsel here because, as Soverain's trial counsel, it remains uniquely positioned to represent Soverain's interests in this appeal. Even Newegg concedes this point, acknowledging that "Jones Day is certainly the most well prepared to handle the appeal for Soverain." (Newegg Opp'n at 6.) Jones Day's motion to withdraw came at the last minute, just eighteen days before Newegg filed its principal Appellant's Brief. It would now be unfair to require Soverain to hire and pay for another law firm in this case before the Court has first ruled on Jones Day's pending Motion to Withdraw. Without an extension, Soverain would have no choice but to proceed now as if the Court had granted this motion, because otherwise, there would be no time for another firm to prepare its Appellee's Brief. An extension of ninety days is eminently reasonable under these circumstances and hardly, as Newegg maintains, "justice denied." *Id.* at 7.

I. **Soverain Seeks An Extension To Preserve Its Choice Of Counsel, Because Without An Extension It Will Be Forced To Proceed As If The Court Had Granted Jones Day's Motion To Withdraw.**

In addition to making unfounded allegations, Newegg also impugns Soverain's motives. Throughout its opposition, Newegg questions Soverain's reasons for requesting an extension in the event the Court grants Jones Day's pending Motion to Withdraw. For example, Newegg contends that "[o]ne can only surmise that Soverain's request for an extension of time is not sought for the purpose of enabling it to prepare its Appellee brief." (Newegg Opp'n at 2.) Newegg, however, has no basis for these accusations, and relies instead on speculation and conjecture. Soverain does not seek to delay the Court's resolution of this case. Soverain's goal in making this motion for an extension is simply to preserve its ability to proceed with Jones Day as its counsel. If Soverain were forced to prepare its Appellee's Brief without the benefit of an extension, then this would effectively moot the Court's decision on Jones Day's motion to withdraw. Without an extension, Soverain would be forced to hire and pay for another law firm now – regardless of the Court's decision – because there would be no time for another firm to prepare the Appellee's Brief in the event the Court grants Jones Day's motion. Without an extension, therefore, Soverain loses the benefit of the Court's review of this issue. Soverain's objective in seeking an extension of time is merely to preserve a meaningful opportunity to respond to the issues in

Newegg's opening brief if the Court denies Soverain's request to proceed with its counsel of choice in this case.

## II. Newegg Has Not Established Any Prejudice Arising From A Ninety Day Extension.

Newegg blows all out of proportion the prejudice, if any, that it will allegedly suffer from a ninety day extension. In particular, Newegg argues that even the slightest delay will prevent it from making "critical business decisions such as adding jobs or making investments." (Newegg Opp'n at 7.) Newegg contends that the $2.5 million judgment below, along with ongoing royalties and costs, allegedly undermines Newegg's ability to make basic decisions about its business, even though that business involves sales amounting to well over two billion dollars a year. Newegg cannot credibly argue that setting aside $2.5 million for an additional ninety days will cause a company of its size to grind to a halt. Newegg's argument fails to establish any meaningful prejudice arising from a ninety day extension. At the same time, Newegg wholly disregards the extreme prejudice to Soverain of having to defend this appeal without its counsel of choice.

## III. Conclusion

For the foregoing reasons, Soverain respectfully requests that the Court grant its supplemental motion to extend by ninety days the time to file its Appellee's Brief, in the event it grants Jones Day's motion to withdraw.

Dated: January 27, 2011

Respectfully submitted,

By: _____
*Counsel for Plaintiff-Appellee*
*Soverain Software LLC*

Peter C. John
Eric R. Lifvendahl
Paul J. Ripp
Williams Montgomery & John Ltd.
233 South Wacker Drive, Suite 6100
Chicago, IL 60606
(312) 443-3200 (phone)
(312) 630-8505 (fax)

DocID#935693

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2011-1009

Soverain Software LLC,

Plaintiff-Appellee,

v.

Newegg Inc.,

Defendant-Appellant,

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Judge Leonard Davis.

## **CERTIFICATE OF INTEREST**

In compliance with Federal Circuit Rules 27(a)(7) and 47.4(b), the undersigned counsel for Plaintiff-Appellee Soverain Software LLC, certifies the following:

1. The full name and every party or amicus represented by me is: SOVERAIN SOFTWARE LLC.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is: NONE.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: NONE.

Soverain Software v. Newegg, 2011-1009

## CERTIFICATE OF INTEREST (Continued)

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

**Jones Day:** Kenneth R. Adamo, Thomas Demitrack, Thomas L. Giannetti, Mark C. Howland, George T. Manning, Barry R. Satine, Jennifer Seraphine, Ognian V. Shentov, Andrey Belenky, Kenneth Canfield, Clark Craddock, Lynda Q. Nguyen, Debra R. Smith, Stela C. Tipi.

**The Roth Law Firm:** Carl R. Roth, Amanda Aline Abraham;

**Siebman Burg Phillips & Smith:** Michael C. Smith

**Williams Montgomery & John**: Peter C. John, Eric R. Lifvendahl, Paul J. Ripp

_1-27-2011_
Date

_[signature]_
Signature of Counsel

_Paul J. Ripp_
Printed Name of Counsel

## CERTIFICATE OF SERVICE

I, Paul J. Ripp, hereby certify that on the January 27, 2011, I caused the:

1. **Soverain Software LLC's Reply In Support Of Its Supplemental Motion To Extend Time To File Appellee's Brief**

2. **Certificate of Interest**

to be served as follows:

One copy by facsimile and the original and four copies (and a pre-paid return envelope) by Federal Express to:

> Clerk of Court
> United States Court of Appeals for the Federal Circuit
> 717 Madison Place, NW
> Washington, DC  20439
> Facsimile:  202-275-9678

One copy by facsimile and two copies by Federal Express to each of:

| | |
|---|---|
| Kent E. Baldauf, Jr. | Claudia Wilson Frost |
| Daniel Harris Brean | Pillsbury Winthrop Shaw Pittman LLP |
| David C. Hanson | 909 Fannin Street, Suite 2000 |
| The Webb Law Firm | Houston, TX  77010 |
| 700 Koppers Building | 713-276-7673 (fax) |
| 436 Seventh Avenue | |
| Pittsburgh, PA  15219 | |
| 412-471-4094 (fax) | |

_____
(signature: Paul J. Ripp)



# WILLIAMS MONTGOMERY & JOHN LTD

A FIRM OF TRIAL LAWYERS

**Paul J. Ripp**
(312) 443-3205
Fax: (312) 630-8505
pjr@willmont.com

January 27, 2011

**RECEIVED**

JAN 28 2011

United States Court of Appeals
For The Federal Circuit

*VIA OVERNIGHT MAIL*

Mr. Jan Horbaly
Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington D. C. 20439

    Re:    ***Soverain Software, LLC v. Newegg Inc.***, Case No. 2011-1009
            Appeal from the United States District Court for the Eastern District of Texas
            in Case No. 07-CV-0511, Judge Leonard Davis

Dear Mr. Horbaly:

    Please find enclosed for filing the original and three copies of Soverain Software LLC's Reply In Support Of Its Motion To Extend Time to File Appellee's Brief in the above referenced matter. A copy of the original was also transmitted to the Federal Circuit Court of Appeals, by facsimile to 202-275-9678, on January 27, 2011, pursuant to Federal Circuit Rule 25.

    This overnight filing includes an extra copy of the foregoing document. Please mark this copy received and return it in the self addressed return envelope provided.

                              Very truly yours,

                              WILLIAMS MONTGOMERY & JOHN

                              By:    Paul J. Ripp

Enclosure
cc:    Counsel of record (as listed on certificate of service)

DocID#936383