201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

**Weil, Gotshal & Manges LLP**

**Edward R. Reines**
+1 650 802 3022
edward.reines@weil.com

July 22, 2011

VIA FEDERAL EXPRESS

The Honorable Jan Horbaly
Clerk of Court
United States Court of Appeals
 for the Federal Circuit
717 Madison Place N.W.
Washington, DC 20439

RECEIVED

JUL 25 2011

United States Court of Appeals
For the Federal Circuit

Re: **Soverain Software LLC. v Newegg Inc. 2011-1009**

Dear Mr. Horbaly:

Pursuant to Federal Rules of Appellate Procedure 28(j), appellant Newegg Inc. ("Newegg") would like to bring to the Court's attention the following citation of supplemental and supervening authority:

*Global-Tech Appliances, Inc. v. SEB S.A.*, ___ U.S. ___, 131 S. Ct. 2060, 98 U.S.P.Q.2d 1665 (May 31, 2011).

The U.S. Supreme Court's decision in *Global-Tech*, issued after the parties' briefs in this case, is pertinent to the "active inducement" issue addressed by Newegg at pages 36 to 37 of its Brief of Appellant and pages 14-15 of its Reply Brief of Appellant.

*Global-Tech* holds that: (1) induced infringement under 35 U.S.C. section 271(b) requires knowledge that the induced acts constitute patent infringement; and (2) while the doctrine of "willful blindness" may support a finding of knowledge, that doctrine requires that the defendant subjectively believe that there is a high probability that a fact exists, and that the defendant takes deliberate actions to avoid learning that fact.

*Global-Tech* states the controlling law that should be applied by this Court on the active inducement issue. *See Forshey v. Principi*, 284 F.3d 1335, 1356-57 (Fed. Cir. 2002). Moreover, *Global-Tech* forecloses appellee Soverain Software LLC's erroneous position that the active inducement issue has been waived by Newegg. "[A]ppellate courts will consider an issue not raised at trial 'where a supervening decision has changed the law in appellant's favor and the law was so well-settled at the

The Honorable Jan Horbaly
Clerk of Court
July 22, 2011
Page 2

**Weil, Gotshal & Manges LLP**

time of trial that any attempt to challenge it would have appeared pointless.'" *Id.* at 1356; *quoting United States v. Washington,* 12 F.3d 1128, 1139 (D.C. 1994).

Respectfully submitted,

Edward R. Reines
Principal Attorney

cc:  Robert B. Wilson
     Principal Attorney

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

**Weil, Gotshal & Manges LLP**

**Karen A. Gotelli**
+1 650 802 3115
karen.gotelli@weil.com

July 22, 2011

VIA FEDERAL EXPRESS

The Honorable Jan Horbaly
Clerk of Court
United States Court of Appeals
 for the Federal Circuit
717 Madison Place N.W.
Washington, DC  20439

Re: **Soverain Software LLC. v Newegg Inc. 2011-1009**

Dear Mr. Horbaly:

Enclosed please find an original and six copies of Newegg's Citation of Supplemental Authority in the above-captioned matter. An extra copy and a self-addressed return envelope have also been enclosed for return of a file-stamped copy.

Please do not hesitate to contact me should you require any additional information. Thank you.

Respectfully submitted,

Karen A. Gotelli
Assistant to Edward R. Reines
Principal Attorney

cc: Robert B. Wilson
     Principal Attorney