**Weil, Gotshal & Manges LLP**

201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
+1 650 802 3000 tel
+1 650 802 3100 fax

Edward R. Reines
+1 (650) 802-3022
edward.reines@weil.com

March 13, 2013

Jan Horbaly
Circuit Executive and Clerk of the Court
717 Madison Place NW
Washington, DC 20005

Re: *Soverain Software LLC, v Newegg Inc.*, Civil Action NO. 07-CV-0511 (E.D. Tex.), Appeal No. 2011-1009

Dear Mr. Horbaly:

    This letter follows-up on our telephone conversation of yesterday concerning an inadvertent breach of Federal Circuit Rule 50 in the above-referenced matter. On behalf of Weil, Gotshal & Manges LLP ("Weil" or the "Firm") and those involved, we express our sincere apologies. As explained below, the lapse was short and innocent, but still serious and regrettable.

    The issue in this matter stems from the fact that Weil's work on this appeal was underway when a current associate, Mr. Timothy C. Saulsbury, served as a law clerk at the Court. Yet, Mr. Saulsbury recently participated to a limited degree in a later stage of that same matter after he returned to the Firm in breach of Federal Circuit Rule 50. The Firm has a system in place to protect against exactly this kind of issue. As documented below and in the attached declarations,[1] that system unfortunately lapsed due to an innocent and unlikely human error.

    Upon returning to the Firm, Weil requires former law clerks to submit a Conflicts Questionnaire containing a list of potential conflicts of interest arising out of matters on which they previously worked, including those arising out of their clerkships. In the case of Federal Circuit clerks, the Firm also requires the clerk to submit the Disqualification List received from the Court that includes all matters pending at the Court during their service as a clerk. The Firm's Conflicts Manager, Ms. Therese LaMura, personally reviews and processes these documents to ensure that matters on the Disqualification List are recorded and reported appropriately. This allows attorneys such as Mr. Saulsbury to refer to the Firm's conflicts system to determine that matters such as this one were pending at the Court during their clerkship.

---

[1] To provide the Court with the supporting materials as early as possible, we have attached copies of the signed declarations and will submit the originals tomorrow.

Jan Horbaly  **Weil, Gotshal & Manges LLP**
March 13, 2013
Page 2

      Consistent with Firm policy, Mr. Saulsbury provided his Disqualification List to Ms. LaMura. From her review of the approximately 1,750 entries in this document, Ms. LaMura identified the matters in which Weil was listed as counsel of record for a party and entered those matters into the Firm's conflicts system. Unfortunately, in her review of the entries, she mistakenly missed the above-captioned case through human error so did not include it in the system – even though the system was designed specifically to capture appeals such as this one. Thus, when Mr. Saulsbury consulted his conflicts report, the report erroneously indicated that he was free to work on this matter. The system had "lost" track of this appeal because of Ms. LaMura's innocent error. As a result, no conflict showed up. In Ms. LaMura's twenty-five years working in the Firm's Conflicts Department, this error is unprecedented. Based on the absence of this appeal from the report, and because he did not recall anything about this case from his time at the Court, Mr. Saulsbury believed in good faith that he was permitted to work on the matter under Rule 50. Thus, when I specifically asked Mr. Saulsbury to confirm that he was clear of conflicts before helping with this matter, I am confident he acted in good faith when he assured me that he was clear to do so.

      Mr. Saulsbury's work in this matter began just a few days ago, after Soverain filed its motion for an extension of time to file its Combined Petition for Rehearing on February 14, 2013. It was very limited. He had no meaningful involvement in the substance of the matter and made no contributions to the text of Newegg's Response Brief or any of the arguments advanced therein. His involvement was essentially limited to procedural matters, such as assisting me and a more junior associate regarding deadlines, formatting requirements, and filing procedures. Because I wrote the opposition brief without Mr. Saulsbury's substantive involvement, I am confident that there is no prejudice to Soverain and know there was surely no misuse of information from Mr. Saulsbury's time at the Court. We brought this issue to the attention of the Clerk's office as soon as we discovered it and only days after Mr. Saulsbury's limited work began. Of course, Mr. Saulsbury is specifically screened from this matter from this date forward.

      In sum, this serious matter is most unfortunate. Although our system is designed to reliably detect this kind of conflict, and has done so consistently over the years, a very unlikely human error resulted in this breach. We accept responsibility, apologize and will do our best to prevent any recurrence in the future.

Sincerely,

Edward R. Reines

Jan Horbaly  
March 13, 2013  
Page 3

**Weil, Gotshal & Manges LLP**

Enclosures (3)

cc: Seth P. Waxman

2011-1009

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee

v.

NEWEGG INC.,

Defendant-Appellant

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Chief Judge Leonard Davis

# DECLARATION OF THERESE LAMURA REGARDING MARCH 13, 2013 REINES LETTER TO MR. HORBALY

I, Therese LaMura, hereby declare as follows:

1. I am the Conflicts Manager of the law firm of Weil, Gotshal & Manges LLP ("Weil" or the "Firm") and have held this position for approximately five years. I have worked in Weil's Conflicts Department (the "Department") for more than twenty-five years, since 1986. The Department staffs four full-time employees, including two analysts and a Conflicts Coordinator.

2. I understand that the conflicts issue in this matter stems from the fact that Weil's work on this appeal was underway when Mr. Timothy C. Saulsbury was serving as a law clerk at the Court and yet Mr. Saulsbury recently worked on a later stage of that same matter after he returned to the Firm. The Firm has a system

in place designed to protect against exactly this kind of issue. The Firm requires former law clerks to submit a Conflicts Questionnaire containing a list of matters on which they previously worked that may give rise to conflicts of interest, including potential conflicts arising out of their clerkships. It also requires former Federal Circuit clerks to submit the Disqualification List that includes all matters pending at the Court during their service as a clerk. I personally review and process the Conflicts Questionnaires of former law clerks, including Mr. Saulsbury's, to ensure that matters on the Disqualification List are recorded and reported. This allows attorneys to refer to our conflicts system to determine whether an appeal on which they might work was pending at the Court when they served as a clerk.

3. In his Conflicts Questionnaire, Mr. Saulsbury indicated that he was employed as a law clerk for Judge Kathleen M. O'Malley of this Court from February 2011 – September 2011. He further stated that, pursuant to Federal Circuit Rule 50, he was prohibited from participating in matters that were pending at this Court during his tenure as a Federal Circuit law clerk. He also provided a Disqualification List of cases pending before the Court during his tenure. From my review of the approximately 1,750 entries in this document, I identified the matters in which a Weil attorney was listed as counsel of record for a party and entered those matters into the Firm's conflicts database. Due to the great

importance the firm places on our conflicts systems, I am very careful about this process. Unfortunately, in my review of all these entries, I mistakenly missed the above-captioned case. I have confirmed that I correctly entered each of the other matters from the Disqualification List. My only explanation for my mistake is that in reviewing the large number of matters contained in the document, I made an innocent and inadvertent error.

4. In my twenty-five plus years in the Firm's Conflicts Department, the Department has processed conflicts for thousands of incoming attorneys. Other than Mr. Saulsbury's case, I am not aware of any other situation in which a conflict provided by the incoming attorney was inadvertently omitted from that attorney's conflicts report. I regret my error and apologize for it.

5. I make this declaration pursuant to 28 U.S.C. § 1746.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 13, 2013            By: /s/ Therese LaMura
                                 Therese LaMura
                                 Conflicts Manager
                                 WEIL GOTSHAL & MANGES LLP
                                 767 Fifth Avenue
                                 New York, NY 10153
                                 Telephone: (212) 310-8000

2011-1009

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee

v.

NEWEGG INC.,

Defendant-Appellant

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Chief Judge Leonard Davis

## DECLARATION OF TIMOTHY C. SAULSBURY REGARDING MARCH 13, 2013 REINES LETTER TO MR. HORBALY

I, Timothy C. Saulsbury, hereby declare as follows:

1. From February 2011 – September 2011, I was employed by this Court as a law clerk to Judge Kathleen M. O'Malley.

2. Subsequently, in October 2011, I joined the law firm of Weil, Gotshal & Manges LLP ("Weil" or the "Firm") as an associate in the litigation department. Prior to beginning my employment at Weil, and pursuant to Firm policy, I submitted to the Firm a Conflicts Questionnaire in which I listed my clerkship with Judge O'Malley and stated that "Pursuant to Federal Circuit Rule 50, I am prohibited from participating in cases pending at the Court during my tenure as a law clerk." Along with the Conflicts Questionnaire, as per Firm protocol, I

submitted the Disqualification List I received from this Court, which set forth the matters pending before the Court between February 2011 and September 2011. This protocol was supposed to result in this matter being reflected in the Firm's conflicts system based on my service at the Court and its presence on the Disqualification List. Indeed, I have previously relied on his very system to determine that I was ineligible to work on other matters that were pending before the Court during my clerkship. For example, I determined that I was ineligible to participate in the *Sorensen v. Lexar Media, Inc.*, No. 08-cv-95 (N.D. Cal.) proceedings in the Northern District of California because that matter had been before this Court while I was clerking. Additionally, in anticipation of *en banc* proceedings in *Magsil Corp. v. Hitachi Global Storage Tech, Inc.*, No. 2011-1221 (Fed. Cir.), I determined that I was ineligible to work on that matter.

3. Unfortunately, the conflicts system "lost" the above-captioned matter due to human error as explained in Ms. Therese LaMura's declaration. I understand from Ms. LaMura's explanation that, if it had not been inadvertently omitted, the Firm's conflicts system would have otherwise picked it up, and I would have been alerted that I could not work on the matter.

4. Before I began any work on this matter just a few days ago (after February 14, 2013, when Soverain filed its motion for an extension of time to file its Combined Petition for Panel Rehearing and Rehearing En Banc), Mr. Edward

Reines, Newegg Inc.'s counsel of record in this appeal and a partner at Weil, asked me directly whether I was conflicted from working on this case, and I confirmed to him my belief that, based on my review of my conflicts report, I was permitted to work on the matter.

5. Before I represented to Mr. Reines that I was free to work on this matter, I specifically consulted the erroneous conflicts report and did not find the above-captioned appeal. Additionally, Judge O'Malley was not on the panel in the above-captioned matter, and I have no recollection about the matter from my time at the Court. Because this appeal was not on the conflicts report when it should have been, and because I did not recall anything about this case from my time at the Court, I believed in good faith that I was permitted to work on it under Federal Circuit Rule 50. Ultimately, I had no meaningful involvement in the substance of this matter, and my involvement was essentially limited to procedural matters concerning Newegg Inc.'s Response to Soverain Software LLC's Combined Petition For Panel Rehearing And Rehearing En Banc ("Newegg's Response Brief"). I assisted Mr. Reines and a more junior associate with process questions regarding deadlines, formatting requirements, and filing procedures. I did not draft or otherwise contribute to any of the text or arguments of Newegg's Response Brief, nor did I conduct any legal research. I worked on this matter for less than five hours and have not billed for any of that time. I spent the majority of that time

assisting a more junior attorney with the mechanics of filing Newegg's Response Brief because the attorney was not familiar with those procedures.

6. I take seriously my obligations to the Court generally and with respect to Rule 50 specifically. I very much regret that this lapse occurred.

7. I make this declaration pursuant to 28 U.S.C. § 1746.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 13, 2013          By: _____
                               Timothy C. Saulsbury
                               WEIL GOTSHAL & MANGES LLP
                               201 Redwood Shores Parkway
                               Redwood Shores, CA 94065
                               Telephone: (650) 802-3000

2011-1009

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee

v.

NEWEGG INC.,

Defendant-Appellant

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Chief Judge Leonard Davis

# DECLARATION OF EDWARD R. REINES REGARDING MARCH 13, 2013 REINES LETTER TO MR. HORBALY

I, Edward R. Reines, hereby declare as follows:

1. I am a partner in the law firm of Weil, Gotshal & Manges LLP ("Weil" or the "Firm") and am principal counsel of record for Defendant-Appellant Newegg, Inc. ("Newegg") in the above-captioned matter.

2. I understand that Weil has a conflicts protocol in place to avoid exactly the problem experienced in this matter. Specifically, this protocol is supposed to result in the inclusion of matters such as this one in the Firm's conflicts system so that attorneys may refer to the conflicts system to determine whether an appeal on which they might work was pending at the Court when they served as a clerk. Ms. LaMura's declaration describes this protocol. We have worked with many former

Federal Circuit clerks over the years on many appeals and I believe our system has always worked.

3. Prior to his involvement in this matter just a few days ago (after February 14, 2013, when Soverain filed its motion for an extension of time to file its Combined Petition for Panel Rehearing and Rehearing En Banc), I directly asked Mr. Timothy Saulsbury to confirm that he was clear to work on this matter under this Court's rules. In response, Mr. Saulsbury assured me that he was permitted to work on this matter. Unfortunately, Mr. Saulsbury was mistaken. I understand from Mr. Saulsbury that he formed this mistaken belief based on his review of the conflicts report generated by the Firm's Conflicts Department, which, due to human error, erroneously omitted the above-captioned appeal as pending during his clerkship.

4. I took primary drafting responsibility for Newegg Inc.'s Response to Soverain Software LLC's Combined Petition For Panel Rehearing And Rehearing En Banc ("Newegg's Response Brief"). Mr. Kevin M. Fong of the Pillsbury, Winthrop, Shaw Pittman firm, attorneys at the Webb Law Firm, and a more junior associate at Weil contributed substantive and typographical revisions. Mr. Saulsbury did not contribute in any way to the text of the brief, either substantively or typographically. Nor did he contribute to any arguments contained therein. Rather, Mr. Saulsbury's involvement was essentially limited to procedural matters,

such as assisting me and the more junior associate regarding deadlines, formatting requirements, and filing procedures. Mr. Saulsbury worked on this matter for only a few hours. The majority of Mr. Saulsbury's time was spent assisting a more junior attorney with the mechanics of filing Newegg's Response Brief because the junior attorney was not familiar with those procedures. I am confident that no substantive information from Mr. Saulsbury was used to draft the brief and that there is no chance information from Mr. Saulsbury's clerkship years was misused in the writing of the brief.

    5. We take seriously our obligations to the Court generally and with respect to Rule 50 specifically. I very much regret that this lapse occurred.

    6. I make this declaration pursuant to 28 U.S.C. § 1746.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 13, 2013  By: _/s/ Edward R. Reines_
Edward R. Reines
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2013, copies of the foregoing were served via hand delivery on the following counsel for Plaintiff-Appellee Soverain Software LLC:

>Seth P. Waxman
>Wilmer Cutler Pickering Hale and Dorr LLP
>1875 Pennsylvania Avenue N.W.
>Washington, D.C. 20006
>(202) 663-6000
>seth.waxman@wilmerhale.com

_____
Michael P. Scanlan
Paralegal
Weil, Gotshal & Manges LLP
1300 I Street N.W., Suite 900
Washington, D.C. 20005

**Weil, Gotshal & Manges LLP**

1300 I Street N.W., Suite 900
Washington, D.C. 20005
+1 202 682 7000 tel
+1 202 857 0940 fax

**Michael P. Scanlan**
Paralegal
+1 202 682 7125
michael.scanlan@weil.com

March 14, 2013

Jan Horbaly
Circuit Executive and Clerk of the Court
717 Madison Place NW
Washington, DC 20005

Re: *Soverain Software LLC, v Newegg Inc.*, Civil Action NO. 07-CV-0511 (E.D. Tex.), Appeal No. 2011-1009

Dear Mr. Horbaly:

Per Edward R. Reines' March 13, 2013 letter in the above-captioned matter, please find enclosed original versions of that letter and the declarations appended thereto.

Respectfully submitted,

Michael P. Scanlan
Paralegal