2011-1009

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee

v.

NEWEGG INC.,

Defendant-Appellant

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Chief Judge Leonard Davis

## SUPPLEMENTAL BRIEF OF DEFENDANT-APPELLANT NEWEGG INC. PURSUANT TO THE COURT'S ORDER OF JUNE 13, 2013

Edward R. Reines
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

*Attorney for Appellant Newegg Inc.*

Kent. E. Baldauf, Jr.
David C. Hanson
THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 471-8815

*Attorneys for Appellant Newegg Inc.*

Kevin M. Fong
PILLSBURY WINTHROP
   SHAW PITTMAN, LLP
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1000

*Attorney for Appellant Newegg Inc.*

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUN 24 2013

DANIEL E. O'TOOLE
CLERK

June 24, 2013

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Soverain Software LLC v. Newegg Inc., 2011-1009

## REVISED CERTIFICATE OF INTEREST FOR NEWEGG INC.

Counsel for Newegg Inc. hereby certifies the following:

1.      The full name of every party or amicus represented by me is:

>       Newegg Inc.

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

>       Not Applicable

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

>       None

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

>       Edward R. Reines, Weil, Gotshal & Manges LLP
>       Kent E. Baldauf, Jr., The Webb Law Firm
>       David C. Hanson, The Webb Law Firm
>       Daniel H. Brean, The Webb Law Firm
>       John W. McIlvaine, III, The Webb Law Firm
>       Richard Sayles, Sayles Werbner
>       Mark Strachan, Sayles Werbner
>       Kevin M. Fong, Pillsbury Winthrop Shaw Pittman LLP
>       Claudia Wilson Frost, formerly of Pillsbury Winthrop Shaw Pittman
>               LLP
>       Jeremy Gaston, formerly of Pillsbury Winthrop Shaw Pittman LLP
>       Trey Yarbrough, Yarbrough & Wilcox, PLLC
>       Eric H. Findlay, Findlay Craft
>       Charles E. Juister, formerly of Marshall Gerstein & Borun
>       Julianne Hartzell, Marshall Gerstein & Borun
>       Matthew C. Nielsen, Marshall Gerstein & Borun

(continued on next page)

Scott A. Sanderson, Marshall Gerstein & Borun
Thomas L. Duston, Marshall Gerstein & Borun


Dated:  June 24, 2013

_on behalf of Edward R. Reines_

Edward R. Reines
*Attorney for Defendant-Appellant
Newegg Inc.*

# **TABLE OF CONTENTS**

INTRODUCTION ................................................................................1

SOVERAIN DID NOT RELY UPON CLAIM 35'S LONE ADDITIONAL
      REQUIREMENT TO SUPPORT VALIDITY ....................................1

    A.   The Added Requirement Of Claim 35 Is Unimportant To This
          Appeal Because It Merely Recites A Truism........................................1

    B.   The Distinction Between Claim 34 and 35 Was Not An Issue At
          Trial .................................................................................................2

    C.   On Appeal, Soverain Did Not Rely On The Claim 35 Temporal
          Limitation To Support Its Position......................................................4

    D.   Soverain Still Did Not Establish In Its Rehearing Petition That
          The Lone Limitation Of Claim 35 Was Significant..............................5

CONCLUSION ...............................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Clock Spring, L.P. v. Wrapmaster, Inc.*,
   560 F.3d 1317 (Fed. Cir. 2009) ..............................................................4

*Richardson-Vicks Inc. v. Upjohn Co.*,
   122 F.3d 1476 (Fed. Cir. 1997) ..............................................................4

*SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*,
   225 F.3d 1349 (Fed. Cir. 2000) ..............................................................4

OTHER AUTHORITIES

FRAP 40...............................................................................................................6

## INTRODUCTION

Newegg submits this supplemental brief to explain how Claims 34 and 35 of U.S. Patent No. 5,715,314 were treated at trial and to confirm that the lone additional limitation of Claim 35 was *never* argued at trial to support the validity of that claim.  As shown below, Claim 34 was also treated as the representative claim for all the "shopping cart" claims on appeal.  Claim 35 is thus invalid based on the panel's analysis of the representative shopping cart claim presented by the parties.

## SOVERAIN DID NOT RELY UPON CLAIM 35'S LONE ADDITIONAL REQUIREMENT TO SUPPORT VALIDITY

### A.    The Added Requirement Of Claim 35 Is Unimportant To This Appeal Because It Merely Recites A Truism

Independent Claim 34 sets forth an eight-element network-based sales system.  Dependent Claim 35 adds only a single temporal requirement for two limitations already contained in Claim 34.

Specifically, Claim 35 simply provides that the required creation of the payment message from Claim 34 must occur *before* the required activation of that same message from Claim 34:

> wherein said shopping cart computer is programmed to cause said payment message to be created before said buyer computer causes said payment message to be activated.

Put in more colloquial terms, Claim 35 merely sets forth the truism that the payment message must be created before it is activated.

Soverain did not argue that a message somehow can be activated *before* it is created. Claim 35 thus is not meaningfully narrower than Claim 34 in any relevant way.

## B.    The Distinction Between Claim 34 and 35 Was Not An Issue At Trial

At trial, Soverain never even mentioned the limitation of Claim 35 on the obviousness issue and, indeed, it is irrelevant to the disposition of the case.

On infringement, Soverain's expert noted that the added limitation of Claim 35 was met in Newegg's system. He testified that the alleged Newegg payment message had to be created before the message was activated by the user. A1595:21-1597:13; *see* A1596:17-19 ("the message is created before the payment message is activated"). That, of course, is a truism, and was never in dispute subject to all Newegg's other non-infringement arguments. A message must exist before it is activated.

On obviousness, Newegg presented testimony, and contended, that all the "shopping cart" claims were obvious based on the prior art. A1465-69; A2121-32; A2141-53; A2309-27; A2329-31.    Indeed, Newegg presented testimony specifically confirming that the prior art showed that the activation of the payment

message occurred at the end of the process, *after* the payment message had already been created:

> Q.    Now, is the activation of the payment message simply whatever message is sent to CompuServe computers from the buyer computer until the customer exits the store?
>
> A.    The payment message occurs **at the end of the transaction** when the buyer confirms the purchase and essentially authorizes a transfer of funds.

A2325:15-21 (emphasis added).

In the face of this prior art teaching that payment messages are activated *after* they are created, Soverain never suggested through testimony or argument that the limitation of Claim 35 was significant or somehow supported non-obviousness in any way.

In Soverain's letter to the Clerk regarding the panel opinion, to try to show that the limitation of Claim 35 might be significant, it cited to three irrelevant pages of trial testimony of Soverain's expert. *See* Letter from Robert B. Wilson to Jan Horbaly at 2 (Feb. 8, 2013) ("Wilson Letter") (citing A2548-50). Those pages prove nothing and Soverain has abandoned them. In a footnote in its subsequent rehearing petition, which mentions Claim 35, Soverain omits those cites and identifies instead only A2561, which it did not include in the Joint Appendix. Soverain's Rehearing Petition at 5 n.3. That page addresses only the "shopping cart database" and "product identifier" limitations, *not* the temporal limitation of

Claim 35. Soverain's reliance on the testimony on page A2561 thus confirms that it never attempted to show at trial that the Claim 34/35 distinction mattered.

Soverain's reason for not relying on the Claim 34/35 distinction at trial is clear. That distinction is unimportant to obviousness.

## C.    On Appeal, Soverain Did Not Rely On The Claim 35 Temporal Limitation To Support Its Position

This Court has consistently held that the failure on appeal to argue that a limitation in a dependent claim is significant to validity means that the position is waived. *See, e.g., Clock Spring, L.P. v. Wrapmaster, Inc.*, 560 F.3d 1317, 1328-29 (Fed. Cir. 2009) ("Clock Spring has waived its current argument that the invalidity of each of the dependent claims needs to be addressed separately."); *SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*, 225 F.3d 1349, 1359 (Fed. Cir. 2000) ("SIBIA has failed to argue the validity of the dependent claims separately ... . [T]hese claims do not stand on their own, and given our determination that claim 1 is invalid, the remaining dependent claims must fall as well."); *Richardson-Vicks Inc. v. Upjohn Co.*, 122 F.3d 1476, 1480 (Fed. Cir. 1997) ("Since the patentee RVI does not argue the validity of the dependent claims separately, their validity will stand or fall with independent claim 36."). As demonstrated by *SIBIA*, this is true for appellees as well as appellants. *SIBIA*, 225 F.3d at 1359.

4

In its opening appeal brief, Newegg directly stated that Claim 34 is representative of the "shopping cart" claims.[1]  Newegg Brief at 6 ("Claim 34 of the '314 patent is representative of the 'shopping cart' claims").  Newegg did so in reliance on the fact that Soverain has not treated the dependent claims as significant to obviousness at trial.  Newegg then specifically analyzed the obviousness of representative Claim 34.  *Id.* at 26-27.

Soverain chose *not* to contest the treatment of Claim 34 as representative of all the shopping cart claims.  Because it effectively accepted Claim 34 as representative, Soverain made no argument relating to the "payment message" limitations at all, much less the unimportant temporal limitation of Claim 35.  To be clear, while Soverain identified supposed "missing" elements from the prior art in its appeal brief, it never identified, much less relied upon, the payment message temporal requirement of dependent Claim 35 to support its position.  *See* Soverain Appeal Response Brief at 45-50.

### D.    Soverain Still Did Not Establish In Its Rehearing Petition That The Lone Limitation Of Claim 35 Was Significant

Following the issuance of the Panel Opinion on January 18, 2013, Newegg sent a letter to the Clerk on February 5 to bring to the Court's attention the issue regarding Claims 34 and 35.  Letter from Edward R. Reines to Jan Horbaly (Feb. 5,

---

[1] The total set of "shopping cart" claims tried below includes Claim 35 and 51 of the '314 Patent and Claim 17 of U.S. Patent No. 5,909,492.

2013). Responding to Newegg's letter, Soverain asserted that the Panel's failure to consider the added limitation in Claim 35 was "material" and accordingly declared its intent to file a rehearing petition "concerning the panel's mistaken consideration of the wrong claim as well as other aspects of the Opinion." Wilson Letter at 2.

Pursuant to FRAP 40, Soverain filed a request for rehearing by the panel. FRAP 40(a)(2) requires that "[t]he petition must state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended and must argue in support of the petition." Yet, notwithstanding the promise in its February 8 letter, and the requirements of the rules, Soverain's rehearing petition did *not* present the question of whether this Panel overlooked the lone limitation of Claim 35 or otherwise misapprehended the supposed materiality of that limitation. The argument section devoted to the panel rehearing does not even *mention* the limitation of Claim 35 or request some remedy based on the supposed overlooking or misapprehending of this issue.

Instead, Soverain merely mentioned the Claim 35 issue in a footnote in the background section of its petition without meaningful analysis. *See* Soverain Rehearing Petition at 5 n.3. FRAP 40(a)(2) requires that issues proposed for rehearing must be developed in the petition. Soverain's failure to present the question of the significance of the added limitation of Claim 35 in its rehearing petition, much less to develop the issue, constitutes a *second* waiver in addition to

the failure to raise the issue in the appeal brief. It also confirms that Claim 35 should rise and fall with Claim 34, which supports the parties' decision to treat Claim 34 as the representative shopping cart claim for appeal and Soverain's treatment of it as unimportant to obviousness at trial.

## CONCLUSION

For all the reasons set forth above and in the fuller record, Claim 35 falls with Claim 34 and is invalid.

Respectfully submitted,

Dated: June 24, 2013

By: _____ on behalf of Edward R. Reines

Edward R. Reines
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

Kent E. Baldauf, Jr.
Bryan P. Clark
THE WEBB LAW FIRM
One Gateway Center
420 Fort Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone: (412) 471-8815

Kevin M. Fong
PILLSBURY WINTHROP
SHAW PITTMAN LLP
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1270

*Attorneys for Newegg Inc.*

## AFFIDAVIT PURSUANT TO FEDERAL CIRCUIT RULE 47.3(d)

Pursuant to Federal Circuit Rule 47.3(d), I, Zac Cox of Weil, Gotshal &

Manges LLP, hereby swear that I have the actual authority of the following

counsel of record to sign (1) Supplemental Brief of Defendant-Appellant Newegg

Inc. Pursuant To Court's Order Of June 13, 2013, and (2) the Certificate of Interest

included therein:

> Edward R. Reines
> WEIL GOTSHAL & MANGES LLP
> 201 Redwood Shores Parkway
> Redwood Shores, CA 94065
> Telephone: (650) 802-3000
> *Attorneys for Newegg Inc.*

Dated:  June 24, 2013

By: _____
Zac Cox
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134

## CERTIFICATE OF SERVICE

This is to certify that on June 24, 2013, copies of the foregoing were served via

electronic mail on the following counsel for Plaintiff-Appellee Soverain Software

LLC:

Seth P. Waxman
seth.waxman@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000

Irina Khait
Paralegal
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

# ADDENDUM

1   back in 1994.

2           Newegg did not have an opportunity to

3   contest or have input, nor did anyone else at that time

4   who might be accused of infringement.

5           It's your decision, with a full deck of

6   cards, to decide whether these patents are valid.  Judge

7   Davis showed you on the face of the patents, we know

8   what prior art was considered because the law says it

9   has to all be listed on the patent.  And there's quite a

10  list there; you'll see it later.

11          And to be a valid patent, the invention

12  has to be new, useful, and non-obvious.  And it can be

13  invalid if the prior art already describes the invention

14  or makes the invention obvious to a person of ordinary

15  skill.  Judge Davis has briefed you a little bit on

16  that.

17          The prior art here does describe these

18  inventions, and it makes the inventions obvious to a

19  person of ordinary skill.

20          And you have to look at the invention as

21  a whole.  You fit the pieces together like the pieces of

22  a puzzle.  And if the evidence shows that these

23  inventions were obvious, then these patents are invalid.

24          You ask yourself:  How could the PTO make

25  a mistake?  Well, as you heard in the patent video, the

84

1   process does occur in private.   There are many

2   applications filed every year.   There may be facts that

3   the Examiner didn't consider.

4                    And, simply said, mistakes are made.

5   People are not perfect, and important information can be

6   overlooked in this case.

7                    You're going to hear from the experts.

8   And you're going to hear with respect to this '314

9   patent and the '492 patent, they merely converted the

10  business process for dial-up online shopping to the

11  internet.   And the internet was already available to the

12  public by the time these patent applications were filed

13  in 1994.   That was even on Mr. Adamo's timeline.

14                   The shopping cart claims of the '314

15  claim a monopoly on the purchase of two or more products

16  using a computer.   This is merely the same method that

17  was used in the dial-up systems of CompuServe and

18  applying them to the internet.

19                   We're fortunate in this case that we have

20  a witness named Sandy Trevor, who happened to be the

21  chief technical officer of CompuServe prior to 1994.

22  And you're going to hear his testimony about the facts.

23                   And he will testify on the facts that

24  CompuServe had pre-internet services where you dial in

25  over a phone line using a personal computer.   And it had

 1   the features that are now claimed in this case.

 2                  I want to tell you also that there are

 3   three references that corroborate Mr. Trevor's testimony

 4   that were not before the PTO.  And we know that because

 5   the list before the PTO is on the patents themselves.

 6   CompuServe CIM Running Start, 1993.  Using CompuServe,

 7   1994.  How to get the most out of CompuServe, 4th

 8   edition, 1989.

 9                  These books describe the characteristics

10   of the CompuServe Mall system that you'll hear the

11   experts explain, and you'll hear Mr. Sandy Trevor give

12   you the facts about.

13                  We'll call Mr. Ed Tittel as a witness in

14   this case.  And one thing I want to say about

15   Mr. Tittel -- he's in the courtroom.  Would you stand

16   up, Mr. Tittel?  This is Mr. Tittel.

17                  Mr. Tittel, unlike the other experts who

18   will testify in this case, is not a professional

19   witness.  This will be the first case in which he has

20   ever given testimony to a jury.  And you're going to

21   hear that in contrast to the other witnesses in this

22   case who are experts who have been in and out of

23   courtrooms all over the country many times, Mr. Tittel

24   is an author.  He's written over a hundred books on the

25   internet.  And, in fact, some of you are familiar with

1    the Dummies series.  And I'm holding in my hand HTML For

2    Dummies, which he is the author of.

3                    He will testify that the internet emerged

4    as a preferable way to connect home shopping prior to

5    the time the inventors filed for their patents and did

6    their work in this case.  The CompuServe Mall was just

7    known internet tools that would enable a person skilled

8    in the art to apply that to the internet, the CompuServe

9    Mall features.  The CompuServe Mall features had a

10   shopping cart, shopping cart database, and a shopping

11   cart computer.

12                   The '492 patent is called the hypertext

13   statement patent.  And I didn't want to overlook that.

14   You're going to hear testimony about that.  It provides

15   a link to display your order history, if you want to see

16   your order history.  And we don't know how many

17   customers use it, but it appears to be only a few.

18                   The use of these hypertech -- hypertext

19   links, you're going to hear, is just simply common

20   industry knowledge.  And it's the use of hypertext links

21   for the very purpose for which they were originally

22   designed.

23                   The '639 patent, its the session ID

24   patent.  That, too, sets forth methods that involve

25   conventional web technology, and they're invalid.

1              In short, and you're going to hear

2    details on this, Open Market did not invent commerce by

3    computer over the internet; they didn't.  What Open

4    Market patented was not new, it was not novel, and it

5    was obvious.

6              Now, the other reason we're not here is

7    Newegg does not infringe.  Remember I told you it's a

8    separate defense.  They don't infringe.

9              A patent is a bargain between the

10   government on the one hand and the party that applies

11   for the patent on the other hand, and it provides the

12   limits of what is covered.  Just because you have a

13   patent doesn't mean that you get to cover everything.

14   Patents are strictly limited.

15             Those claims that Judge Davis told you

16   about define what the patent covers.  His instruction

17   was:  A patent claim is directly infringed only if the

18   accused system or method includes each and every element

19   in that patent claim.

20             Now, there are other ways to infringe

21   besides direct infringement, that's true.  But whatever

22   method of infringement is alleged, each and every

23   element must be included in some way.  Nine out of ten

24   is not enough.  It takes ten out of ten if there are ten

25   elements in a claim in order to have infringement.

1    Q    -- of those being present?

2    A    With respect to the shopping cart database, I

3  don't agree with him.

4         With respect to the product identifier, he

5  didn't even mention it at all.

6    Q    And those are elements of all of the claims

7  that you've mentioned on this slide of '314, Claim 35

8  and 51; and '492, Claim 17?

9    A    That's right.  And they're not present even if

10  you combine somehow CompuServe with the internet.  It's

11  not just CompuServe alone; it's CompuServe plus the

12  internet does not disclose these things.

13    Q    Okay.  Let's go to the next slide, if you

14  will.

15         Okay.  Now, we're now talking about '492

16  patent Claim 17.  This is another claim involving the

17  shopping cart; is that right?

18    A    Yes.  This just has some additional claim

19  limitations.

20    Q    Okay.  And what would those be?

21    A    Well, they are listed down there.  At least

22  one of the shopping cart messages comprises, includes, a

23  universal resource locator.  He never showed that.  And

24  also the payment message comprising a universal resource

25  locator.  He never showed that either.