2011-1009

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee

v.

NEWEGG INC.,

Defendant-Appellant

Appeal from the United States District Court for the Eastern District of Texas in Case No. 07-CV-0511, Chief Judge Leonard Davis

## RESPONSIVE SUPPLEMENTAL BRIEF OF DEFENDANT-APPELLANT NEWEGG INC. PURSUANT TO THE COURT'S ORDER OF JUNE 13, 2013

Edward R. Reines
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

Kent. E. Baldauf, Jr.
David C. Hanson
THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 471-8815

Kevin M. Fong
PILLSBURY WINTHROP
    SHAW PITTMAN, LLP
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone:  (415) 983-1000

*Attorneys for Appellant Newegg Inc.*

July 3, 2013

**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

Soverain Software LLC v. Newegg Inc., 2011-1009

<u>CERTIFICATE OF INTEREST FOR NEWEGG INC.</u>

Counsel for Newegg Inc. hereby certifies the following:

1.  The full name of every party or amicus represented by me is:

    Newegg Inc.

2.  The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

    Not Applicable

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    None

4.  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    Edward R. Reines, Weil, Gotshal & Manges LLP
    Kent E. Baldauf, Jr., The Webb Law Firm
    David C. Hanson, The Webb Law Firm
    Daniel H. Brean, The Webb Law Firm
    John W. McIlvaine III, The Webb Law Firm
    Richard Sayles, Sayles Werbner
    Mark Strachan, Sayles Werbner
    Kevin M. Fong, Pillsbury Winthrop Shaw Pittman LLP
    Claudia Wilson Frost, formerly of Pillsbury Winthrop Shaw Pittman LLP
    Jeremy Gaston, formerly of Pillsbury Winthrop Shaw Pittman LLP
    Trey Yarbrough, Yarbrough & Wilcox, PLLC
    Eric H. Findlay, Findlay Craft
    Charles E. Juister, formerly of Marshall Gerstein & Borun
    Julianne Hartzell, Marshall Gerstein & Borun
    Matthew C. Nielsen, Marshall Gerstein & Borun

(continued on next page)

Scott A. Sanderson, Marshall Gerstein & Borun
Thomas L. Duston, Marshall Gerstein & Borun

Dated:  July 3, 2013                                      */s/ Edward R. Reines*
                                                          Edward R. Reines
                                                          *Attorney for Newegg Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. iv

SOVERAIN'S SUPPLEMENTAL MEMORANDUM FAILS TO
MEANINGFULLY ADDRESS THE COURT'S BRIEFING REQUEST ............... 1

    A.    Soverain's Description Of The Treatment Of The Claim 35
           Limitation At Trial Is Faulty ............................................................... 1

    B.    Soverain Never Argued That The Claim 35 Limitation Was
           Significant, Effectively Treating Claim 34 As Representative
           For The Appeal .................................................................................. 5

    C.    Soverain Misuses Its Supplemental Memorandum ............................ 7

CONCLUSION ....................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*,
   225 F.3d 1349 (Fed. Cir. 2000) ............................................................... 6

# SOVERAIN'S SUPPLEMENTAL MEMORANDUM FAILS TO MEANINGFULLY ADDRESS THE COURT'S BRIEFING REQUEST

This Court's June 13, 2013 Order allowed supplemental briefing on two specific questions:

1. The treatment at trial of the additional limitation in claim 35 [the "Claim 35 limitation"]; and

2. Whether claim 34 was treated as, or is properly deemed "representative" of the shopping cart claims including claim 35.

Without much to say about either of these questions, Soverain instead exploits this Court's Order to reargue generally its rehearing petition, which was directed at other issues. Soverain's response to the Court's two questions, to the extent it responds at all, fails to show that the Claim 35 limitation makes any difference to this appeal.

### A. Soverain's Description Of The Treatment Of The Claim 35 Limitation At Trial Is Faulty

Soverain's description of how the Claim 35 limitation was treated at trial distorts the record. Soverain argues that Newegg's invalidity expert, Mr. Tittel, was asked only "two questions that arguably relate to the 'payment message' limitation recited in claim 35." Soverain Supp'l Brief at 3-4. Soverain cites to A2326 of the trial transcript to support its assertion.

At the outset, Mr. Tittel's answers to these two questions support *Newegg's* position. Claim 35 simply provides that the required creation of the payment

1

message from Claim 34 must occur *before* the required activation of that same message from Claim 34, as follows:

> wherein said shopping cart computer is programmed to cause said payment message to be created before said buyer computer causes said payment message to be activated.

The testimony cited by Soverain undisputedly relating to the payment message shows that this limitation regarding the order of steps is met in the CompuServe prior art. Mr. Tittel confirms that CompuServe discloses a payment message that is displayed on the screen – and thus has been created by the server – *before* it is activated by the buyer computer:

> Q. Was this screen [summarizing the customer's payment selections] created by the server before it was displayed?
>
> A. Of course it was.
>
> Q. *After* it was displayed, could it be accepted or activated?
>
> A. Yes.

A2326:7-12 (insertion by Soverain in its Supplemental Brief at 3).[1]

Soverain's only suggestion that this testimony is inadequate to prove that the Claim 35 limitation is satisfied is its unexplained criticism that Mr. Tittel provided "no additional" explanation to support his analysis. Soverain never states what is insufficient about the above-quoted testimony. All that Claim 35 requires is that

---

[1] Emphasis supplied throughout except where otherwise noted.

2

activation of the payment message occurs *after* its creation – and that is what Mr. Tittel's testimony establishes.

In any event, Soverain's assertion that there is no other testimony even "arguably" relevant to the "payment message" limitation is flat wrong. Mr. Tittel's testimony surrounding the single page identified by Soverain is right on point. It confirms that the prior art payment message is created *before* it is activated – as one would expect.

In testimony ignored by Soverain, Mr. Tittel testified that a payment message, which had been created by the server, is sent to the buyer at shopping check-out:

> This is the point at which you type checkout and you indicate that you're done with the shopping part and you're ready to start with am I going to actually to buy this and *pay for it part*. And that's the point at which you get a *message* that tells you what it is that you have put into your shopping cart and are told *how much it's going to cost you* to take that stuff and make it yours.

A2324:25-2325:7.

Right after that testimony, Mr. Tittel confirmed that this payment message is activated by the buyer computer at the end of the process *after* it is created by the server and received by the buyer:

> Q.  Now, is the *activation of the payment message* simply whatever message is sent to CompuServe computers from the buyer computer until the customer exits the store?

3

A. The ***payment message occurs at the end of the transaction*** when the buyer confirms the purchase and essentially authorizes a transfer of funds.

A2325:15-21. Soverain's contention that this testimony does not even arguably relate to the "payment message" limitation lacks credibility. It proves that the Claim 35 limitation was known in the prior art.

Soverain's supplemental memorandum is a little closer to the mark when it describes its own position in the trial court regarding the Claim 35 limitation. Soverain acknowledges that its expert only attempted to deny the presence in the CompuServe prior art of two limitations *unrelated* to the payment message. *See* Soverain Supp'l Brief at 4 (arguing about the supposed "absence of evidence on 'product identifier' in the prior art and the disputed expert testimony on 'shopping cart database'"). Neither of these claim terms involves the Claim 35 limitation that was supposed to be the subject of the supplemental briefing.

In sum, Newegg presented in the trial court specific testimony that, in the CompuServe prior art, the payment message was activated after it was created, as required by the Claim 35 limitation. Soverain tacitly acknowledges that it did not deny at trial that the Claim 35 limitation was a meaningful distinction from the prior art; instead it concedes it focused on other arguments. This makes sense because Soverain does not contend now that a message can somehow be created

*after* it is activated. The Claim 35 limitation was not treated as significant to the obviousness analysis by Soverain at trial.

> **B.    Soverain Never Argued That The Claim 35 Limitation Was Significant, Effectively Treating Claim 34 As Representative For The Appeal**

Because the Claim 35 limitation, and the additional limitations of the other two "shopping cart" claims, were never treated by Soverain as significant to the prior art analysis, Newegg used Claim 34 as a representative claim. This was a practical choice to streamline the issues for the appeal because Claim 34 was the independent claim from which two of Soverain's asserted claims (Claims 35 and 51) depended. Indeed, when Newegg introduced the shopping cart claims in its brief, it specifically stated that Claim 34 was representative of the "shopping cart" claim group. Newegg Opening Brief at 6 ("Claim 34 of the '314 patent is representative of the 'shopping cart' claims").

Soverain's primary response is that "Newegg's characterization of claim 34 as 'representative' arose only in the background section of its opening brief." Soverain Supp'l Brief at 9. So what? The undeniable point is that Soverain was on plain notice that Claim 34 was being treated as representative for purposes of the appeal.

Soverain also contends that Newegg has never argued that Claim 34 is "'representative' in any legally meaningful sense." *Id.* This is empty semantics.

Newegg was precise that Claim 34 was being treated as the "representative" shopping cart claim. Soverain never objected – and, anyway, never stated that the Claim 35 limitation had any significance. Soverain's failure on appeal to argue that the limitation in its dependent claim is significant to validity means that the position is waived. *See, e.g.*, *SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*, 225 F.3d 1349, 1359 (Fed. Cir. 2000). The treatment of Claim 34 as representative became "legally meaningful" when Soverain went along with it.

Soverain argues that, because it identified Claim 35 as an asserted claim, it somehow was impliedly contesting the use of Claim 34 as a representative claim on appeal. Soverain Supp'l Brief at 9. This is illogical. Recognizing that Claim 35 is a claim in suit does not mean that the Claim 35 limitation is consequential to the appeal or that Claim 34 is somehow inadequate to serve as a representative claim.

Finally, Soverain contends, without explanation, that the parties' briefs refute the idea that it had waived reliance on the Claim 35 limitation. The record is to the contrary. Nowhere in Soverain's appeal brief did it ever suggest that the Claim 35 limitation had any significance to the appeal. It is obvious that a "payment message" must be created before it is "activated" so there would have been no grounds to make an argument based on a distinction between Claims 34 and 35.

### C. Soverain Misuses Its Supplemental Memorandum

This Court specified two questions for the parties to address in supplemental memoranda. Newegg followed those instructions. Soverain did not. It submitted a wide-ranging brief that barely nodded at the issues of interest to the Court. Soverain's brief instead reargued its petition for review and thus should be disregarded. Regardless, Newegg's opposition to Soverain's petition contains responses to Soverain's reconsideration arguments.

## CONCLUSION

For all the reasons set forth above and in the fuller record, Claim 35 falls with Claim 34 and is also invalid.

Respectfully submitted,

Dated:  July 3, 2013

By: */s/ Edward R. Reines*
Edward R. Reines
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000

Kent E. Baldauf, Jr.
Bryan P. Clark
THE WEBB LAW FIRM
One Gateway Center
420 Fort Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone:  (412) 471-8815

Kevin M. Fong
PILLSBURY WINTHROP
    SHAW PITTMAN LLP
Four Embarcadero Center
22nd Floor
San Francisco, CA 94111
Telephone:  (415) 983-1270

*Attorneys for Newegg Inc.*

## CERTIFICATE OF SERVICE

This is to certify that on July 3, 2013, copies of the foregoing were served via electronic mail on the following counsel for Plaintiff-Appellee Soverain Software LLC:

Seth P. Waxman
seth.waxman@wilmerhale.com
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 663-6000


*/s/ Irina Khait*
Irina Khait
Paralegal

WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000