2011-1009

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

SOVERAIN SOFTWARE LLC,

Plaintiff-Appellee,

v.

NEWEGG INC.,

Defendant-Appellant.

---

Appeal from the United States District Court for the Eastern District of Texas
in Case No. 07-CV-0511, Judge Leonard Davis

---

## SOVERAIN'S RESPONSIVE BRIEF PURSUANT TO
## THE COURT'S JUNE 13, 2013 ORDER

---

DAVID NELSON
ROBERT B. WILSON
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
51 Madison Ave., 22nd Floor
New York, NY  10010
(212) 849-7000

DANIEL H. BROMBERG
QUINN EMANUEL URQUHART
    & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA  94065
(650) 801-5000

SETH P. WAXMAN
THOMAS SAUNDERS
MEGAN BARBERO
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC  20006
(202) 663-6000

ROBERT GREENE STERNE
JON E. WRIGHT
SALVADOR M. BEZOS
STERNE, KESSLER, GOLDSTEIN
    & FOX
1100 New York Ave., NW
Washington, DC  20005
(202) 371-2600

July 3, 2013

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellee Soverain Software LLC certifies the

following:

1.      The full name of every party or amicus represented by me is:

      Soverain Software LLC

2.      The name of the real party in interest represented by me is:

      Same as above

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

      None

4.      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

      QUINN EMANUEL URQUHART & SULLIVAN, LLP:  David Nelson, Robert B. Wilson, Daniel H. Bromberg, and Neil Cave

      WILLIAMS MONTGOMERY & JOHN LTD.:  Paul J. Ripp

      JONES DAY:  Kenneth R. Adamo, Thomas Demitrack, Thomas L. Giannetti, Mark C. Howland, George T. Manning, Barry R. Satine, Jennifer Seraphine, Ognian V. Shentov, Andrey Belenky, Kenneth Canfield, Clark Craddock, Lynda Q. Nguyen, Debra R. Smith, and Stela C. Tipi

      THE ROTH LAW FIRM:  Carl R. Roth, Amanda Aline Abraham, and Brendan Clay Roth

      SIEBMAN BURG PHILLIPS & SMITH, LLP:  Michael C. Smith

      WILMER CUTLER PICKERING HALE AND DORR LLP:  Seth P. Waxman, Thomas Saunders, and Megan Barbero

STERNE, KESSLER, GOLDSTEIN & FOX:  Robert Greene Sterne,
Jon E. Wright, Salvador M. Bezos

July 3, 2013

/s/ Seth P. Waxman
Seth P. Waxman

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ...................................................................... ii

STATEMENT OF RELATED CASES ................................................. iii

INTRODUCTION ................................................................................1

ARGUMENT ......................................................................................2

I.    NEWEGG FAILED TO PROVE THAT CLAIM 35 IS OBVIOUS AS A
      MATTER OF LAW AND THIS COURT SHOULD REMAND FOR A NEW
      TRIAL ON OBVIOUSNESS ...................................................................2

II.   NEWEGG'S ASSERTIONS OF WAIVER ARE UNFOUNDED AND THERE
      IS NO BASIS FOR TREATING CLAIM 34 AS "REPRESENTATIVE" OF
      THE ASSERTED SHOPPING CART CLAIMS...........................................7

CONCLUSION .................................................................................10

i

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Hartness International, Inc. v. Simplimatic Engineering Co.*, 819 F.2d 1100 (Fed. Cir. 1987)....................................................................6, 8

*Innogenetics, N.V. v. Abbott Laboratories*, 512 F.3d 1363 (Fed. Cir. 2008) ..............4

*In re Fritch*, 972 F.2d 1260 (Fed. Cir. 1992)............................................................6

*Sandt Technology, Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344 (Fed. Cir. 2001)......................................................................3

*SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*, 225 F.3d 1349 (Fed. Cir. 2000)........................................................................8

*SynQor, Inc. v. Artesyn Technologies, Inc.*, 709 F.3d 1365 (Fed. Cir. 2013)..........1, 8

## STATUTES

35 U.S.C.
§ 103(a) ..............................................................................................2
§ 282(a) ..............................................................................................3

## DOCKETED CASES

*SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*, Nos. 99-1381, 99-1391 (Fed. Cir.) ................................................................8

## STATEMENT OF RELATED CASES

Appellee's counsel is aware of the following cases pending in this Court that would qualify as related under Federal Circuit Rule 47.5:

> *Soverain Software LLC v. Victoria's Secret Direct Brand Management, LLC, Avon Products, Inc.* (Nos. 12-1649, 12-1650).

# INTRODUCTION

Newegg urges this Court to remedy its analysis of the wrong claim in the '314 patent by simply invalidating asserted claim 35.  But focusing on the additional limitations in claim 35 in isolation would compound the Court's error.  Claim 35 contains *all* the limitations of claim 34, from which it depends, plus additional limitations.  Newegg now contends that those additional limitations were contained in the prior art, but Newegg cites as support only the conclusory testimony of a single expert witness who was largely discredited on cross-examination.  *See* Newegg Supp. Br. 2-3 (citing A2325); Soverain Supp. Br. 3 n.1.  Newegg's expert offered no explanation why a person of ordinary skill would have combined the additional limitations of claim 35 with each of the limitations of claim 34 in that particular combination no later than the *October 24, 1994* filing date—at the dawn of the Internet era.  This testimony is insufficient to establish the obviousness of claim 35 as a matter of law.  More importantly, Newegg failed to establish the obviousness of *claim 34*, and "[t]his [C]ourt need not consider [Newegg's] arguments that certain dependent claim limitations [in claim 35] would have been obvious where the base claim has not been proven invalid."  *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1375 (Fed. Cir. 2013).

Newegg's assertions of waiver fare no better.  Soverain has consistently argued—at trial and on appeal—that "Newegg failed to offer any evidence

1

explaining why a person of ordinary skill in the art would choose, let alone combine, the particular prior art references that Newegg identified to arrive at the claimed combinations." Soverain Br. 48. This is particularly true of the additional limitations in claim 35. Even if Newegg's expert arguably identified those limitations in the prior art, he offered no explanation why a person of ordinary skill in the art would have cobbled together that teaching with the other references he cited to arrive at claim 35 "*as a whole* … at the time the invention was made." 35 U.S.C. § 103(a) (emphasis added).

## ARGUMENT

## I.    NEWEGG FAILED TO PROVE THAT CLAIM 35 IS OBVIOUS AS A MATTER OF LAW AND THIS COURT SHOULD REMAND FOR A NEW TRIAL ON OBVIOUSNESS

Newegg now asserts—in less than one page of argument with no citation to authority—that the additional limitations set forth in claim 35 are "unimportant to this appeal" because the claim "merely sets forth [a] truism." Newegg Supp. Br. 1, 2.[1] This argument, which Newegg raises for the first time in its supplemental brief,

---

[1] Claim 35 depends from claim 34 and includes additional limitations concerning the creation of a "payment message":

> 35.    A network-based sales system in accordance with claim 34, wherein said shopping cart computer is programmed to cause said payment message to be created before said buyer computer causes said payment message to be activated.

A99 (14:29-33). Newegg concedes that its system satisfies this limitation, as Soverain's expert witness testified. Newegg Supp. Br. 2; *see also* A1595-1597.

overlooks the fact that claim 35, like "[e]ach claim of a patent (whether in independent, dependent, or multiple dependent form)[,] shall be presumed valid independently of the validity of other claims."  35 U.S.C. § 282(a).  Even setting aside Newegg's failures of proof on claim 34 (*see* Soverain Supp. Br. 3-8; *infra* pp. 6-7), the burden remained on Newegg to establish by clear and convincing evidence that all the limitations of claim 35 would have been obvious in that particular combination no later than the 1994 filing date.  *See Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1356 (Fed. Cir. 2001) ("Because dependent claims contain additional limitations, they cannot be presumed to be invalid as obvious just because the independent claims from which they depend have properly been so found.").

Newegg did not argue at trial that the limitations of claim 35 were a truism; instead, as Newegg now acknowledges, it "specifically" attempted to prove that the "payment message" limitations in claim 35 were shown in the prior art.   Newegg Supp. Br. 2, 3.  The only support Newegg cites, however, is the testimony of its expert witness, Edward Tittel, that "[t]he payment message occurs at the end of the transaction."  *Id.* 3 (quoting A2325) (emphasis omitted).  This "vague and conclusory obviousness testimony" is insufficient to prove the obviousness of claim 35 as a matter of law, since "[t]here must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness."

3

*Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1373, 1374 (Fed. Cir. 2008) (internal quotation marks omitted). [2]

As the district court found (A24), Mr. Tittel's testimony fell far short of the evidence needed to overcome the presumption of validity. But even if the district court had decided that Newegg presented enough evidence to send the issue of obviousness to the jury, the jury could well have discredited Mr. Tittel's testimony given his admittedly inadequate analysis and preparation. By way of example, on cross-examination, Mr. Tittel testified:

Q.    [D]id you prepare an element-by-element comparison—

A.    No.

Q.    —of the claims to the prior art?

A.    No, sir, I did not.

Q.    You didn't do that, right?

A.    No, sir.

…

---

[2] Newegg's "truism" argument underscores the superficial nature of its obviousness analysis. It is not true that the payment message must always be created before it is activated. Indeed, the '314 patent discloses an alternative embodiment in which the step of sending the payment message to the payment computer consists of (1) the buyer computer sending a purchase product message to the merchant computer, (2) the merchant computer providing a payment message to the buyer computer, and (3) the buyer computer sending the payment message to the payment computer. See A95 (5:27-29, 47-56). This illustrates that the payment message may be created *after* activation is initiated by the buyer computer, such as in situations where quantities are updated or when payment is processed separately (*e.g.*, in the business-to-business context).

> Q. And, in fact, you couldn't even recall if you saw the Court's claim constructions before you wrote your first report; isn't that right?
>
> A. Yes, sir, that is correct.

A2346. Asked whether he had reviewed "the prosecution history for the patents involved in this case" before preparing his report or appearing for his first deposition, Mr. Tittel answered:

> A. No, sir, I did not.
>
> Q. And that's something you would certainly do if you did this job again, wouldn't you?
>
> A. Yes, sir, it certainly is.

A2350. In fact, Mr. Tittel did not prepare an opinion on the question of obviousness. As he explained, "I don't think I can decide matters of validity." A2353.

Soverain's expert, Dr. Michael Shamos, testified that Mr. Tittel failed to conduct a proper obviousness analysis. As Dr. Shamos explained:

> Q. Now, what about obviousness? ... [H]as Mr. Tittel shown the claims are obvious?
>
> A. Well, he didn't use the word obvious, but the demonstrations that he made seemed to be veering in that direction. And to the extent that he put various references together to try to show that the claims were obvious, I don't think he did that properly, for several reasons.
>
> ... [H]e used what's referred to as hindsight. And the idea of hindsight is that now here we are in 2010, we're looking at a

> patent claim, and someone would like to show that that was
> obvious back in 1994.
>
> So they look at the elements of the claim, and they go around
> and they hunt around for prior art that seems to disclose this
> element or that element of the claim.
>
> That's hindsight because it uses something which wasn't
> invented at the time, back in 1994, something that is now
> invented, as the guidepost for exactly how you go and find
> references.  And he did that.  And … that's not a proper
> analysis for showing obviousness.

A2542-2543.  Dr. Shamos further testified that Mr. Tittel applied this hindsight

bias to "pick and choose various quotations from … different books that were

written in different years, and obviously, as [Dr. Shamos would] show, don't even

describe the same version of CompuServe."  A2549.

Additionally, in order to prove that asserted claim 35 would have been

obvious, Newegg needed to prove the invalidity of *claim 34*, from which it

depends.  *See generally Hartness Int'l, Inc. v. Simplimatic Eng'g Co.*, 819 F.2d

1100, 1108 (Fed. Cir. 1987) (reversing district court's determination that

dependent claim was invalid and holding that where "independent claim 1 was

nonobvious[,] *[a] fortiori*, dependent claim 3 was nonobvious (and novel) because

it contained all the limitations of claim 1 plus a further limitation"); *see also, e.g.*,

*In re Fritch*, 972 F.2d 1260, 1266 (Fed. Cir. 1992) ("dependent claims are

nonobvious if the independent claims from which they depend are nonobvious").

6

Soverain has consistently argued that Newegg failed to carry its burden of showing that the limitations of claim 34 would have been obvious in that particular combination at the time of invention, and Newegg certainly fell far short of making the overwhelming showing required for this Court to take the issue away from the jury. *See* Soverain Br. 45-46, 48-51; *see also* Soverain Pet. 4-12.  As explained in detail in Soverain's supplemental brief:  (1) Newegg failed to identify the "product identifier" limitation of claim 34 in the prior art and Mr. Tittel's testimony on the "shopping cart database" was sharply contested (Soverain Supp. Br. 4); (2) Mr. Tittel impermissibly used hindsight to pick and choose elements from three separate prior art references directed to different CompuServe systems in operation at different times (*id.* 5-6); (3) Soverain established that a person of ordinary skill in the art would not have been able to adapt a closed system, like CompuServe, to a stateless network like the Internet (*id.* 6); and (4) Newegg failed to rebut Soverain's evidence of secondary indicia of non-obviousness, including commercial success and accolades (*id.* 6-7).  On this record, a new trial on obviousness is required.

## II.   NEWEGG'S ASSERTIONS OF WAIVER ARE UNFOUNDED AND THERE IS NO BASIS FOR TREATING CLAIM 34 AS "REPRESENTATIVE" OF THE ASSERTED SHOPPING CART CLAIMS

Rather than grapple with its failure of proof on claim 34, Newegg instead focuses exclusively on claim 35.  It faults Soverain for "not relying on the Claim

34/35 distinction" and contends that Soverain has waived its argument relating to claim 35.  Newegg Supp. Br. 3-7.  Newegg's assertions of waiver are unfounded.

*First*, the "claim 34/35 distinction" would be relevant to Newegg's invalidity argument only if Newegg had established the invalidity of independent claim 34 as a matter of law, which it did not.[3]  *See* Soverain Supp. Br. 4-8.  Because Newegg failed to show that independent claim 34 was obvious as a matter of law, "[t]his [C]ourt need not consider [Newegg's] arguments that certain dependent claim limitations would have been obvious."  *SynQor, Inc.*, 709 F.3d at 1375; *see also, e.g.*, *Hartness Int'l, Inc.*, 819 F.2d at 1108.

*Second*, Soverain has consistently identified claim 35 as one of the asserted shopping cart claims (Soverain Br. 7), and argued that the prior art lacked two limitations in claim 34 (*id.* 45-46), from which claim 35 depends.  Soverain also argued—in its appellate brief, its post-decision letter to the Court, and its petition

---

[3] Newegg cites *SIBIA Neurosciences, Inc. v. Cadus Pharmaceutical Corp.*, 225 F.3d 1349, 1359 (Fed. Cir. 2000), for the proposition that an appellee can waive an argument about the validity of a dependent claim by failing to argue it separately. Newegg Supp. Br. 4.  In *SIBIA*, however, unlike this case, the *appellant* separately argued that "[a]ll of the dependent claims at issue here … are obvious as well." Appellant Br. 32 n.6, Nos. 99-1381, 99-1391, 1999 WL 33636292 (Fed. Cir. July 20, 1999) (addressing each dependent claim and identifying where the additional limitations were contained in the prior art).  Here, by contrast, Newegg correctly identified claim 35 as one of the asserted claims in the obviousness argument of its opening brief (Newegg Br. 41), but it did not separately address the payment message limitation that it now claims is a "truism."  Appellee Soverain should not be required to respond to an argument that appellant Newegg never raised.

for rehearing—that Newegg failed to prove obviousness of the asserted claims in part because its "'witnesses attempted to cobble together disparate teachings from multiple references without offering any rationale why a person of ordinary skill in the art would have made its proffered combinations.'" Feb. 8, 2013 Ltr. 2 (quoting Soverain Br. 48); *see also* Soverain Pet. 12 (contending that the panel's decision impermissibly used "the asserted claims as a roadmap to make conceptual leaps between the prior art and the claimed inventions"). This argument applies with full force to dependent claim 35. Even if Newegg could establish that claim 34 would have been obvious, it would still need to show that a person of ordinary skill would have combined the "payment message" limitations of claim 35 with all of the limitations in claim 34 in that particular order at the time of invention.

*Third*, Newegg incorrectly contends that Soverain "effectively accepted Claim 34 as representative." Newegg Supp. Br. 5. As Soverain established in its supplemental brief—and Newegg does not refute—no claims were identified as representative at trial. Soverain Supp. Br. 8-9. Newegg only characterized claim 34 as "representative" in the background section of its opening brief, which merely introduced the shopping cart claims. Newegg Br. 6. Until its supplemental brief, Newegg had never argued that claim 34 was "representative" in any legally meaningful sense and had never suggested that the panel take the unprecedented step of redefining the asserted claims in this case. Soverain clearly labeled claim

9

35, *not* claim 34, as the asserted claim (Soverain Br. 7), and never acquiesced in Newegg's offhand description of claim 34 as representative. Given both parties' treatment of claim 35 as the asserted claim (at trial and on appeal), there is simply no basis for now "deem[ing]" claim 34 representative. June 13, 2013 Order 4.

## CONCLUSION

Soverain respectfully requests that the panel reconsider its decision and remand the case for trial on obviousness as to all asserted claims.

Respectfully submitted,

/s/ Seth P. Waxman

| | |
|---|---|
| DAVID NELSON | SETH P. WAXMAN |
| ROBERT B. WILSON | THOMAS SAUNDERS |
| QUINN EMANUEL URQUHART | MEGAN BARBERO |
| & SULLIVAN, LLP | WILMER CUTLER PICKERING |
| 51 Madison Ave., 22nd Floor | HALE AND DORR LLP |
| New York, NY 10010 | 1875 Pennsylvania Ave., NW |
| (212) 849-7000 | Washington, DC 20006 |
| | (202) 663-6000 |
| DAN BROMBERG | |
| QUINN EMANUEL URQUHART | ROBERT GREENE STERNE |
| & SULLIVAN, LLP | JON E. WRIGHT |
| 555 Twin Dolphin Dr., 5th Floor | SALVADOR M. BEZOS |
| Redwood Shores, CA 94065 | STERNE, KESSLER, GOLDSTEIN |
| (650) 801-5000 | & FOX |
| | 1100 New York Ave., NW |
| | Washington, DC 20005 |
| | (202) 371-2600 |

July 3, 2013

10

## CERTIFICATE OF SERVICE

I, Seth P. Waxman, hereby certify that on the 3rd day of July, 2013, I caused a copy of the foregoing Soverain's Responsive Brief Pursuant to the Court's June 13, 2013 Order to be served on all parties by this Court's electronic filing system.

/s/ Seth P. Waxman
SETH P. WAXMAN